L. W. ANDERSON, Administrator of PENELOPE BARNES, v.
LIFE INSURANCE COMPANY OF VIRGINIA and
N. R. PARKER.

(Filed 25 February, 1910.)

### Insurance—Procurement of Death of Insured—Fund, Right to.

A beneficiary who has caused or procured the death of the insured under circumstances amounting to a felony cannot recover on the policy; but when the contract of insurance was made with the company by the insured, and the question presented is whether the representative of the insured or of the beneficiary has a right to the proceeds of the policy, it is resolved in favor of the former.

APPEAL from *Ward, J.,* September, 1909, of PASQUOTANK.

Civil action, heard on appeal from a justice's court and on facts agreed.

The facts formally agreed upon were as follows: "That on 1 February, 1909, Penelope Newby, now Barnes, obtained from the Life Insurance Company of Virginia a policy of insurance on her life for the benefit of Seth Newby, her brother; that both Penelope Barnes and Seth Newby died on 3 July, 1909; that Seth Newby died by his own hand before Penelope Barnes died; that Penelope Barnes was murdered by Seth Newby; that the Life Insurance Company of Virginia has paid to N. R. Parker, administrator of Seth Newby, deceased, the sum of $110, the amount due under the said policy of insurance, with the understanding by all parties that Parker shall hold money to abide determination of this action, and that the policy of insurance hereto attached is an exact copy of the original policy of insurance, and the same is hereby made a part of this statement of facts."

152—1

Upon these facts the court gave judgment for plaintiff, and the defendant N. R. Parker, administrator of Seth Newby, appealed.

*C. E. Thompson* for plaintiff.
*E. L. Sawyer* for defendant.

HOKE, J., after stating the case: It is a principle very generally accepted that a beneficiary who has caused or procured the death of the insured under circumstances amounting to a felony will be allowed no recovery on the policy. Vance on Insurance, 392-393; Cooley's Insurance Briefs, 3153; 25 Cyc., 153; 3 A. and E. (2 Ed.), 1021.

This wholesome doctrine, referred by most of the cases to the maxim, *Nullus commodum capere potest de injuria sua propria,* has been uniformly upheld, so far as we are aware, except in certain cases where the interest involved was conferred by statute, and the statute itself does not recognize any exception. Such an instance has occurred in our own Court, in *Owens v. Owens,* 100 N. C., 240, where a widow convicted as accessory before the fact to her husband's murder was awarded dower under the statute—a decision which caused an immediate amendment of the statute, Laws 1889, ch. 499; and this amendment has since prevailed as the law of the State on that subject.

The authorities are also to the effect that in cases like the present, where the contract is made between the insured and the company for another's benefit, that is, a valid contract of that character, a felony of the kind indicated on the part of the beneficiary will not relieve the company of all liability on the policy, but recovery can be had usually by the representative of the insured and for the benefit of the latter's estate. Vance and Cooley, *supra; Schmidt, admr., v. Ins. Co.,* 112 Iowa, 41; *Supreme Lodge v. Menkhausen,* 209 Ill., 277; *Ins. Co. v. Davis, admr.,* 96 Va., 737; *Shea v. Mass. Benefit Assn.,* 160 Mass., 289; *Tyler v. Odd Fellows Relief, etc.,* 145 Mass., 134; *Cleaver et al. v. Mutual Res. Fund,* L. R. Q. B., 1892, p. 147.

This latter ruling would very likely not obtain in an ordinary life policy, where a valid contract of insurance had been made and purported to be between the company and the beneficiary, and such beneficiary was and continued to be throughout the owner of the policy and of all interest in it. Such a position, however, is not presented here in any aspect of it, as the company recognizes its liability on the policy, and the question is on the right to the fund as between the representative of the insured and of the beneficiary. On that question, and under

the authorities cited, there is no error in the ruling of the court below, awarding the fund to the representative of the insured, and the judgment to that effect is affirmed.

Judgment affirmed.