HOWARD M. SWAVELY, PLAINTIFF, v. PRUDENTIAL IN-
SURANCE COMPANY OF AMERICA, DEFENDANT.

Decided December 8, 1931.

Before OLIPHANT, Circuit judge, sitting as Supreme Court commissioner.

For the plaintiff, *George Pellettieri.*

For the defendant, *Katzenbach, Gildea & Rudner.*

OLIPHANT, S. C. C.   The plaintiff sues to recover the amount of two policies of life insurance issued by the defendant upon the joint lives of the plaintiff and his wife, Elizabeth Swavely.  The policies total $5,000 and are identical in terms, the amount of the insurance being payable to the survivor as beneficiary.

The defendant in its answer sets up two separate defenses, one that the plaintiff cannot recover upon the policies in question because he willfully, deliberately and premeditatedly murdered his wife, Elizabeth Swavely, on or about November 7th, 1930, and the other, that the plaintiff was convicted of murder in the first degree in the Court of Oyer and Terminer of the county of Hudson and that his conviction

makes his guilt of the murder of his wife *res judicata*. Upon the argument of this motion the defendant conceded that the second defense is untenable and withdrew it.

The plaintiff moves to strike out the defendant's answer as frivolous, thus questioning the legal sufficiency of the defendant's plea that the plaintiff willfully, deliberately and premeditatedly murdered his wife, and cannot, therefore, recover upon the policies which form the basis of the suit.

There appears to be no reported case in this state dealing with the question now raised, by the plaintiff. The case of *Sorbello* v. *Mangino,* 155 *Atl. Rep.* 6, cited by the plaintiff, does not support his position. In that case a bill was filed in the Court of Chancery to restrain the defendant "from asserting sole ownership to" certain land "and from conveying the same." The defendant had owned the land as tenant by the entirety with his wife and had been convicted of murdering her. Vice-Chancellor Fielder, who heard the case, held that the evidence offered was not sufficient to show the murder, unless the record of the conviction of the defendant could be used for that purpose. After discussing the statutes and authorities in this and other states, he decided that the record of conviction was not admissible as proof of the murder, and, therefore, that it was not proved that Mangino had murdered his wife. Thereafter the learned vice-chancellor discussed the authorities in other states dealing with the question of whether or not a murderer can take property as an heir or next of kin or tenant by the entirety of the person he had murdered, but reached no conclusion, and suggested that the legislature ought to set this matter at rest once and for all.

While there is a difference of opinion among the courts of other states as to whether or not a murderer can inherit from his victim under statutes containing no exceptions, there is no such difference of opinion as to the effect of the murder of an insured person by the beneficiary named in an insurance policy. In fact, although the plaintiff's counsel has shown great diligence, he has been unable to find a single case in which a beneficiary has been permitted to recover upon a life insurance policy when he has murdered the in-

sured. Decisions to the contrary are innumerable. Many of them cite with approval the language of the United States Supreme Court in *Mutual Life Insurance Company of New York* v. *Julia Armstrong, Admx.*, 29 *L. Ed.* 997; 117 *U. S.* 591, where it was said:

"It would be a reproach to the jurisprudence of the country, if one could recover insurance money payable on the death of the party whose life he had feloniously taken."

In the case of *Schmidt* v. *Northern Life Association*, 83 *N. W. Rep.* 800, the Supreme Court of Iowa said:

"Indeed the unbroken voice of authority is to the effect that a beneficiary in an insurance policy who murders the insured forfeits his rights thereunder. * * * Any other rule would furnish the strongest temptation to crime and give to the party interested the most potent incentive to bring about the death of the insured, that he might profit thereby. The public has an interest in such matters over and beyond the individuals or societies involved, and courts are not bound to enforce or hold valid any contract which offends public morals, violates the law or contravenes public policy. Had the certificate contained a provision to the effect that benefits would be paid in the event the beneficiary took the life of the insured, it would clearly be opposed to public policy, and would not be enforced. If recovery were permitted by the beneficiary or her asisgnee in this action, it would be giving the same effect to the certificate as if such a clause was included in the contract."

The Court of Appeals of Illinois, in *Schreiner* v. *High Court of I. C. O. of F.*, 35 *Ill. App.* 576, said:

"It is wholly unnecessary to find in the policy or the certificate an exception in terms against the intentional killing of the insured by the beneficiary. Such an exception is introduced into the contract by the law, which, by civil power and coercion, seeks to enforce the divine command, 'thou shalt not kill.' No court will lend aid to one who founds his cause of action on his intentional wrong."

The following cases, among many others, lay down the same rule: *Spicer* v. *New York Life Insurance Co.*, 268 *Fed. Rep.* 500; *Robinson* v. *Metropolitan Life Insurance*

*Co.,* 69 *Pa. Supr.* 274; *Welch* v. *Travelers Insurance Co.,* 178 *N. Y. Supp.* 748; *Goldstein* v. *New York Life Insurance Co.,* 231 *N. Y. Supp.* 161; *Kascoutas* v. *Federal Life Insurance Co.,* 189 *Iowa* 889; 179 *N. W. Rep.* 133; *Anderson* v. *Life Insurance Company of Virginia,* 152 *N. C.* 1; 67 *S. E.* 53; *Wickline* v. *Phoenix Life Insurance Co.,* 145 *S. E. Rep.* 743; *Johnston* v. *Metropolitan Life Insurance Co.,* 85 *W. Va.* 70; 100 *S. E. Rep.* 865; *Filmore* v. *Metropolitan Life, Insurance Co.,* 82 *Ohio St.* 208; 92 *N. E. Rep.* 26; *Slocum* v. *Metropolitan Life Insurance Co.,* 245 *Mass.* 565; 139 *N. E. Rep.* 816; *Metropolitan Life Insurance Co.* v. *Shane,* 98 *Ark.* 132; 135 *S. W. Rep.* 836.

The leading text writers on insurance unanimously agree with the principle enunciated in these cases. 6 *Cooley's Briefs on Insurance* (*2d ed.*) 5227; *Richards on Insurance Law* (*3d ed.*) 81; *Kerr on Insurance* (1902) 685; 2 *Couch's Encyclopedia of Insurance* 1018; 2 *Joyce on the Law of Insurance* 1826; 2 *Bacon on Life and Accident Insurance* (*4th ed.*) 990.

I heartily agree with the views expressed in the cases and texts cited above. Nothing could be clearer than that to permit a murderer to collect insurance upon the life of the person he has murdered would be contrary to public policy. The underlying principle is obvious. It is the policy of the law to protect human life, and to that and to discourage rather than encourage, the unlawful taking of it.

The motion to strike out the defendant's answer is denied.