CATHERINE MERRITY, ADMINISTRATRIX, ETC., OF ELIZABETH SWAVELY, DECEASED, OR, IN THE ALTERNATIVE, CATHERINE MERRITY AND MICHAEL J. WHALEN, AS SOLE NEXT OF KIN OF ELIZABETH SWAVELY, DECEASED, APPELLANTS, v. PRUDENTIAL INSURANCE COMPANY OF AMERICA, RESPONDENT.

Submitted February. 17, 1933—Decided April 27, 1933.

For the appellants, *Edward A. Markley* and *Charles W. Broadhurst.*

For the respondent, *Perkins, Drewen & Nugent.*

The opinion of the court was delivered by

PARKER, J.  There are two suits, one on each of two policies issued by the respondent company, identical in terms, one dated April 10th, 1928, the other June 22d, 1928.  The policies are on the joint lives of Howard and Elizabeth Swavely, designated as husband and wife, proceeds payable to the survivor, with no right to change beneficiary.  Howard murdered Elizabeth, and the question arose whether the company was obligated to pay, and if so to whom.  Howard sued as beneficiary and was held not entitled to recover, on the broad principle that one may not benefit by his own wrong.  The cases so holding are numerous and many are cited in the opinion of Judge Oliphant in the action brought by Howard. *Swavely* v. *Prudential Insurance Co.,* 10 *N. J. Mis. R.* 1; 157 *Atl. Rep.* 394.  The rule may be considered generally and thoroughly settled.

The policies contain no clause of forfeiture by reason of murder, and no claim of that kind is made.  Nor do we understand that any point is made of the apparent fact that the marriage of Howard to Elizabeth was bigamous.  See *Doney* v. *Equitable Co.,* 97 *N. J. L.* 393.  As we understand the decision below, and the argument here, the policies simply fail as contracts for lack of a benfieciary, *i. e.,* that as it is not nominated in the bond that anyone shall be entitled under the circumstances here presented, the result should be that nothing is payable to anyone because of the death of the woman before her husband, although that was a risk specifically underwritten.

It is frankly conceded that no such result would have occurred if the policy had been on the life of Elizabeth alone, loss payable to Howard as beneficiary, and Howard had murdered Elizabeth.  The long line of decisions cited by Judge Ackerson (10 *N. J. Mis. R.* 927) sufficiently shows the con-

trary. And we apprehend that it is immaterial whether there is a right to change beneficiary reserved or precluded; or whether the premium was paid by the insured or by someone else. The cases all seem to hold that the .insurer must pay, and normally to the estate of the insured. Some cases seem to put this on the theory of some sort of resulting trust. We think the better and safer view is that when the beneficiary disqualifies himself by killing the insured with intention, the policy is to be read as naming no beneficiary, and the proceeds become part of the estate of the insured, recoverable by his personal representative. 37 *C. J.* 569. The situation existing in *John Hancock Co.* v. *Lawder,* 22 *R. I.* 416; 48 *Atl. Rep.* 383, is not presented here, at least at this stage of the pleadings and needs no consideration. On the face of things, Howard and Elizabeth took out the policies jointly, and were jointly (and doubtless severally) liable for the premiums. More need not be said at this stage.

It is suggested in the opinion below, following the federal decision there cited, that the mutual obligations and rights of the parties are purely contractual. So they are; and so they were in the line of cases there cited, bearing on a single life. In those cases the courts have read into the policies a clause that the contract shall not fail of performance for want of a beneficiary due to his wrong-doing, but will deem the policy, as in cases of omission to name any beneficiary, as payable to the estate of the insured. Why a different rule should obtain because the policy insures the continuance of two lives instead of one, payable on the termination of either life, survivorship to determine the other assured as the beneficiary, we confess ourselves unable to understand.

By the plain terms of the policies, the money was payable if either Howard or Elizabeth died. Elizabeth did die. As to her, Howard was named as beneficiary, and had she died naturally, would have been entitled to the proceeds. He being disqualified, we consider the rule obtaining in case of a single life policy applicable here, *i. e.,* that as the policy so far as insuring Howard's life is vacated, and so far as insuring

Elizabeth's life has fallen in, and there is no named beneficiary who is entitled, it will be read as though none had been named, and the loss is payable, presumably to the personal representative of Elizabeth, whose death fixed and matured the liability. As to that representative it was error to strike out the complaint, and for this the judgment must be reversed, and the case remanded for further pleadings and a determination of issues of law or fact, or both raised thereby.

*For affirmance*—CASE, WELLS, DILL, JJ.   3.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, BODINE, DONGES, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, JJ.   12.