JOHN J. TEW, III, AND DONALD RAY TEW, BY AND THROUGH THEIR DULY APPOINTED NEXT FRIEND, ALENE S. McLAMB, PLAINTIFFS, v. DURHAM LIFE INSURANCE COMPANY, AND JOHN J. TEW, JR., SUBSTITUTED DEFENDANT.

(Filed 20 March 1968.)

**1. Appeal and Error § 26—**

An exception to the judgment or to the signing of the judgment presents the face of the record proper for review, but review is limited to the question of whether error of law appears on the face of the record, which includes whether the facts found or admitted support the judgment.

**2. Insurance § 35—**

A finding that the named beneficiary of a life insurance policy issued in the name of his wife was tried for the murder of the wife and found not guilty by reason of insanity *is held* insufficient to support the trial court's conclusions that the beneficiary is not a slayer within the purview of G.S. Chapter 31A and is entitled to the proceeds of the policy.

**3. Appeal and Error § 10;   Guardian and Ward § 2—**

Oral motion in the Court of Appeals that a guardian *ad litem* be appointed for the defendant does not comply with Rule of Practice in the Court of Appeals No. 36, and in the absence of any findings or evidence in the record to rebut the presumption that the defendant is *sui juris*, the motion will be denied.

APPEAL from *Braswell, J.,* October 16, 1967, Civil Session, HARNETT Superior Court.

This action was instituted by the plaintiffs, contingent benefic-
iaries, against Durham Life Insurance Company to recover the pro-
ceeds of a contract of life insurance in which the life of Dora Inez
Tew was insured. Plaintiffs, the children of Dora Inez Tew, alleged,
as grounds for their right to recover, that John J. Tew, Jr., their
father and primary beneficiary, wrongfully and unlawfully slew
his wife, Dora Inez Tew, on July 17, 1965.

Durham Life Insurance Company admitted liability on its policy
No. 366965 and paid the proceeds thereof to the Clerk of Superior
Court of Harnett County; and upon its motion, John J. Tew, Jr.
was substituted as a party defendant. John J. Tew, Jr. filed answer
in which he alleged that he was tried in August, 1965, upon a charge
of murdering his wife, and that the jury found him not guilty by
reason of insanity, and that he was therefore entitled to recover as
primary beneficiary.

When this case was called for trial on October 16, 1967, Judge
Braswell found facts upon the pleadings and certain stipulations,
and ruled as a matter of law that: (one) John J. Tew, Jr. was not a
slayer as defined in G.S. 31A-3(3), and (two) was entitled to the
proceeds of the policy.

Plaintiffs appealed.

*Gerald Arnold, Attorney for plaintiff appellants.*
*Bryan, Bryan and Johnson by Robert C. Bryan, Attorneys for
defendant appellee.*

BROCK, J. The plaintiffs' only exception is to the signing and
entry of the judgment.

An exception to the judgment or to the signing of the judgment
presents the face of the record proper for review; and review is
limited to the question of whether error of law appears on the face
of the record, which includes whether the facts found or admitted
support the judgment. Strong, North Carolina Index 2d, Vol. 1, Ap-
peal and Error, Sec. 26.

There are no formal stipulations of the parties entered in the
record before us, but the trial judge found that counsel had entered
into certain stipulations in open court, therefore these findings are
conclusive on this appeal. An exception to the judgment does not
present for review the findings of fact.

The final judgment from which this appeal is taken is as follows:

"THIS CAUSE coming on to be heard and being heard before
the undersigned Judge holding the Courts of the Eleventh Ju-

dicial District, and this case having been regularly calendared for trial and called for trial on October 16, 1967; and it appearing to the Court from readings (sic) the pleadings, and from stipulations made in open Court by attorneys for plaintiff (sic) and defendants (sic) that John J. Tew, Jr. was a named beneficiary on a life insurance policy issued on the life of Dora Inez Tew, wife of John J. Tew, Jr.; and

"It Further Appearing to the Court that John J. Tew, Jr. did kill his wife on July 17, 1965, and that the parties have stipulated that the said John J. Tew, Jr. was tried for murder in the Superior Court of Harnett County for said killing, and was found not guilty by reason of insanity.

"And the Court further holds the matter of law that by virtue of said stipulations, John J. Tew, Jr. is not a slayer as defined in Chapter 31A of the General Statutes of North Carolina, and is therefore entitled to the proceeds of said insurance policy as a beneficiary in said policy; and

"It Further Appearing to the Court that the Clerk of the Superior Court of Harnett County has the amount of $10,000.00 from said policy in her custody, waiting orders from this Court as to the distribution thereof.

"It Is, Thereupon, Considered, Ordered and Adjudged that the plaintiff's (sic) action be dismissed, and that the costs be taxed to the plaintiff (sic).

"It Is Further Ordered that the Clerk of the Superior Court of Harnett County surrender to John J. Tew, Jr., or his lawful representative, all funds which she has in her custody which have been paid into (sic) her by Durham Life Insurance Company, being life insurance on the life of Inez Suggs Tew, as set out in the complaint."

The trial judge made only four findings of fact:

1. ". . . that John J. Tew, Jr. was a named beneficiary on a life insurance policy issued on the life of Dora Inez Tew, wife, of John J. Tew, Jr. . . ."

2. ". . . that John J. Tew, Jr. did kill his wife on July 17, 1965, . . ."

3. ". . . that the said John J. Tew, Jr. was tried for murder in the Superior Court of Harnett County for said killing, and was found not guilty by reason of insanity."

4. ". . . that the Clerk of Superior Court of Harnett County has the amount of $10,000.00 from said policy in her custody, waiting orders from this Court as to the distribution thereof."

The pleadings supply no additional admissions except formal ones relating to the identity and residence of the parties.

Based upon the four findings of fact the trial judge concluded as a matter of law:

". . . that John J. Tew, Jr. is not a slayer as defined in Chapter 31A of the General Statutes of North Carolina, and is therefore entitled to the proceeds of said insurance policy as a beneficiary in said policy . . ."

We note that findings of fact No. 1 and No. 4 do not identify any insurance policy. The Complaint alleges a $5,000 policy and the Answer admits a $5,000 policy, but neither the Complaint nor the Answer identifies the policy as sufficiently as seems desirable. The trial judge finds that the Clerk has $10,000 "from said policy." The identity of the policy was not stipulated and the policy was not offered in evidence. There is no finding of a direct relationship between the policy referred to in the pleadings and the money on deposit with the Clerk. Much is left to conjecture, and we trust this matter will be clarified upon retrial. .

The pivotal finding of fact is finding No. 3: ". . . that said John J. Tew, Jr. was tried for murder in the Superior Court of Harnett County for said killing, and was found not guilty by reason of insanity." Obviously this is not a finding of fact by the trial judge that John J. Tew, Jr. was insane when he killed his wife on July 17, 1965. At most, this is only a finding that in another trial, between different parties, the defendant "satisfied" the jury (not beyond a reasonable doubt nor even by the greater weight of the evidence, but merely "satisfied") that he was mentally incapable of knowing the nature and quality of his act, or incapable of distinguishing between right and wrong in relation to such act. This finding of fact No. 3 does not support the trial judge's conclusion in this action that John J. Tew, Jr. is entitled to the proceeds of the insurance upon his wife's life. The conclusion and judgment get no support from G.S. 31A-13. This section of the General Statutes refers specifically to judicial determinations under G.S. 31A-3, which has no application to a verdict of *not guilty,* for whatever reason it is rendered.

The conclusion of law, not being supported by the findings of fact, does not support the judgment. The final judgment was improvidently entered.

After the record on appeal in this case was docketed, the defendant's mother, on February 26, 1968, filed a petition with the Clerk of Superior Court of Harnett County for the appointment of a guardian *ad litem* for the defendant; and on February 26, 1968, the Clerk entered an Order appointing defendant's mother, Mrs. John J. Tew, Sr., guardian *ad litem nunc pro tunc* to November 4, 1965, the date of service of process in this action on John J. Tew, Jr. Thereafter, upon the hearing of plaintiffs' appeal, defendant's counsel made an oral motion to this Court to appoint Mrs. John J. Tew, Sr. guardian *ad litem* for the defendant, and has filed a proposed Order for this Court to issue. Also the defendant filed with this Court a copy of Mrs. Tew's February 26, 1968, petition, and a copy of the Clerk's February 26, 1968, Order.

According to the Record there was nothing before the Clerk of Court of Harnett County to justify the appointment, except Mrs. Tew's allegation. There was no finding in the Order by said Clerk to justify the appointment. There is nothing before us to justify an Order from this Court appointing a guardian *ad litem;* and the defendant has not complied with the rules. Rule 36, Rules of Practice in the Court of Appeals. The defendant verified his answer on December 30, 1965, before a Notary Public, and his present attorney also signed the Answer. Nothing has been shown that would rebut the presumption that the defendant was *sui juris.* If it is felt that the defendant is not now *sui juris,* a new petition, setting out the grounds and supported by appropriate affidavits, should be submitted for consideration by the Superior Court.

In view of the foregoing, we decline to issue the Order tendered by the defendant in this Court, and his oral motion is denied; also, it is ordered that the Order of the Clerk of Superior Court, dated February 26, 1968, be vacated.

Reversed.

MALLARD, C.J. and BRITT, J., concur.