IDA MAE QUICK, ADMINISTRATRIX OF THE ESTATE OF DONALD GARY QUICK v. UNITED BENEFIT LIFE INSURANCE COMPANY, AND JILL QUICK

No. 7412DC700

(Filed 6 November 1974)

Insurance § 35— involuntary manslaughter of husband — right to life insurance proceeds

A wife who was convicted of involuntary manslaughter of her husband was not convicted of the "wilful and unlawful killing of another" within the meaning of G.S. 31A-3(3)a and thus was not a "slayer" who is barred by G.S. Chapter 31 from receiving the proceeds of a policy of insurance on the life of the husband; nor was the wife barred under the common law from receiving the proceeds of the policy since G.S. Chapter 31A has supplanted the common law rule which would have required her forfeiture of the proceeds.

Judge CAMPBELL dissenting.

APPEAL by defendant Jill Quick from *Herring, District Court Judge,* 17 June 1974 Session of District Court held in CUMBERLAND County.

This is an action for judgment declaring the ownership of proceeds of an insurance policy on the life of Donald Quick. The funds are being held by the Clerk of Superior Court.

Jill Quick, widow of Donald Quick, is the beneficiary named in the policy. She was indicted for the murder of Donald Quick

and convicted of involuntary manslaughter as a result of the killing.

The judge concluded that Jill Quick was barred from taking the proceeds from the policy by reason of Chapter 31A of the General Statutes and the public policy of the State.

*Lacy S. Hair for plaintiff appellee.*

*Deborah G. Mailman for defendant appellant.*

VAUGHN, Judge.

If defendant Quick is a "slayer" within the meaning of Chapter 31A of the General Statutes entitled "Acts Barring Property Rights," she is barred by that Chapter from recovery of the insurance proceeds. The term "slayer" means a person who "shall have been convicted . . . of the wilful annd unlawful killing of another . . . . " G.S. 31A-3(3)a.

The question is whether a conviction of involuntary manslaughter is a conviction of the "wilful and unlawful killing of another." Presumably one cannot be "convicted" of a slaying other than one that is unlawful, so only the word "wilful" has significance. By omitting the word "wilful" the Legislature would have provided that a conviction of any degree of homicide would make one a "slayer" for purposes of the forfeiture provisions of the act. By inserting the word the Legislature limited forfeiture to those convicted of a higher degree of homicide where the killing must be found to be wilful. "Involuntary manslaughter has been defined to be, 'Where death results unintentionally, so far as the defendant is concerned, from an unlawful act on his part not amounting to a felony, or from a lawful act negligently done.' " *State v. Hovis,* 233 N.C. 359, 365, 64 S.E. 2d 564, 568. It is an unlawful killing without malice, without premeditation and deliberation, *"and without intention to kill or inflict serious bodily injury." State v. Wrenn,* 279 N.C. 676, 682, 185 S.E. 2d 129, 132. Thus to convict of involuntary manslaughter the State is not required to prove a wilful killing. Defendant Quick's conviction, therefore, does not make her a "slayer" with the definition. G.S. 31A-3(3)a.

It is sound public policy that no person be allowed to profit by his own wrong. *Parker v. Potter,* 200 N.C. 348, 157 S.E. 68. For example, a beneficiary who caused the death of an insured under circumstances amounting to a felony was not allowed to

recover under the policy. *Anderson v. Parker,* 152 N.C. 1, 67 S.E. 53. "But the General Assembly is the policy-making agency of our government, and when it elects to legislate in respect to the subject matter of any common law rule, the statute supplants the common law rule and becomes the public policy of the State in respect to that particular matter." *McMichael v. Proctor,* 243 N.C. 479, 483, 91 S.E. 2d 231, 234. Having concluded that Jill Quick does not forfeit the benefits of the policy as a "slayer" under General Statute Chapter 31A, the remaining question for us is whether that chapter positively supplants the common law as it relates to her act. G.S. 31A-15 expressly provides that

> "As to all acts specifically provided for in this chapter, the rules, remedies, and procedures herein specified shall be exclusive, and as to all acts not specifically provided for in this chapter, all rules, remedies, and procedures, if any, which now exist or hereafter may exist either by virtue of statute, or by virtue of the inherent powers of any court of competent jurisdiction, or otherwise, shall be applicable."

The verdict of guilty of involuntary manslaughter amounts to an acquittal of murder and voluntary manslaughter. In *McMichael v. Proctor, supra,* the widow admitted firing the shot that killed her husband but pled that in a criminal trial the jury had found her not guilty of any felonious slaying. By statute a widow then forfeited her dower if "convicted of the felonious slaying of her husband." The Court held that the language of the statute providing for forfeiture was positive, direct and unequivocal. The Court expressly declined to add another cause for forfeiture, and held that by including specific reasons for forfeiture the General Assembly had excluded all others. When it included a conviction of felonious slaying as a cause for forfeiture, the General Assembly excluded a slaying which resulted in an acquittal. But *see Tew v. Durham Life Ins. Co.,* 1 N.C. App. 94, 160 S.E. 2d 117. So it seems to us that by specifically including a conviction for wilful and unlawful killing as a cause for forfeiture, the General Assembly excluded a slaying which resulted in an acquittal of a "wilful and unlawful" killing and, with statutory exceptions not relevant here, all killings which do not result in a conviction of "wilful and unlawful" killings. Other courts applying similar statutes have so held. Annot., 27 A.L.R. 3d 794, 816. But *see* 40 N.C. L. Rev. 175 at page 221.

Although Jill Quick has been convicted of taking the life of decedent, she was acquitted of the "wilful and unlawful killing" of decedent. It is our view that the General Assembly has elected to legislate in the subject matter of this controversy and that the policy so established supplants the common law rule which would not have allowed her to recover.

The judgment is reversed and the case is remanded for entry of judgment consistent with this opinion.

Reversed and remanded.

Judge PARKER concurs.

Judge CAMPBELL dissents.

Judge CAMPBELL dissenting:

I think G.S. 31A-15 is controlling and this was an unlawful killing and bars any recovery by the slayer. I therefore dissent.