determination makes resolution of the acceleration issue unnecessary.

Please submit an appropriate order.

IN THE MATTER OF THE ESTATE OF JOHN E. LIST,
PRESUMED TO BE DEAD.

Superior Court of New Jersey
Law Division Probate Part
Union County

Decided September 30, 1980.

*David J. Meeker* for plaintiff.

*Richard M. Eittreim* for defendant State Mutual Life Assurance Company of America (*McCarter & English*, attorneys).

GRIFFIN, J. S. C.

This is a summary proceeding to determine the liability of State Mutual Life Assurance Company of America to pay the proceeds on a life insurance policy when the beneficiary of the policy has killed the insured. The company contends that it should be relieved from all liability.

In March 1970 List insured the lives of each of his three children in the amount of $5,000. This insurance was included in a "Supplementary Agreement for Children's Insurance" made part of a substantial policy on the life of List. The basic policy has now lapsed due to nonpayment of premium, but it was in force at the time the children were killed. The beneficiary provision relative to the insurance on the children reads as follows: "[T]he Beneficiary under this Agreement shall be the Insured under this policy if the Insured is living at the death of such Insured Child, or if not, the estate of such Insured." However, the policy defined "Insured" as "the same person as the Insured under this policy," *i. e.*, List. Only he had the right to change the beneficiary. He owned and paid the premiums on the policy. Hence, no one other than List had an interest in the policy.

The bodies of the three children together with those of List's wife and mother, were found on December 7, 1971. All were shot. On December 9 his car was found at the John F. Kennedy Airport with a parking ticket dated November 10, 1971. For the purposes of this action, counsel have stipulated that he murdered his children and that his whereabouts is unknown.

No New Jersey case has squarely faced the issue raised by the company here.[1]

A number of reported cases have analyzed the question of which person would be entitled to the benefits of a life insurance policy where the beneficiary of that policy has murdered the insured. *Merrity v. Prudential Ins. Co. of America*, 110 *N.J.L.* 414 (E. & A. 1933); *DeSena v. Prudential Ins. Co. of America*, 117 *N.J.Super.* 235 (App.Div. 1971); *Jackson v. Prudential Ins. Co. of America*, 106 *N.J.Super.* 61 (Law Div. 1969); *Turner v. Prudential Ins. Co. of America*, 60 *N.J.Super.* 175 (Ch.Div. 1960). In *DeSena, Jackson* and *Turner* the life insurers did not raise the defense urged by the company in this case. They conceded liability under their policies by seeking to interplead the proceeds. Similarly, although *Merrity* dealt with a policy insuring the joint lives of a husband and wife, the insurer in that case also conceded that if the policy insured a single individual, the proceeds would be due and owing on that policy.

In the reported New Jersey cases the issue was not the liability of the company to pay, but to whom should it pay.

In each of the New Jersey cases some person other than the murderer had some interest in the policy such as: ownership, payment of premiums, right to change beneficiary or as contingent beneficiary. None of these elements is present here.

Some authorities have considered this problem. The *Restatement* takes the position that the company is relieved from all liability.

---

[1] *Quaere:* Would *N.J.S.A.* 3A:2A–83(c), effective September 1, 1978, have any effect on the outcome of this case were it passed prior to the date of the insurance contract and the murders? It reads as follows:

> A named beneficiary of a bond, life insurance policy, or other contractual arrangement who intentionally kills the principal obligee or the person upon whose life the policy is issued is not entitled to any benefit under the bond, policy or other contractual arrangement and it becomes payable as though the killer had predeceased the decedent.

3. *Beneficiary alone interested.* Where no one except the beneficiary or one claiming through him has any interest in the policy, and the beneficiary murders the insured, the insurer is under no liability on the policy. If the policy is taken out by the beneficiary, and the beneficiary at the time when he takes out the policy does not intend to murder the insured, but he later murders the insured, the insurer is under no liability upon the policy. In such a case it is against public policy to permit the beneficiary to profit by the murder, but there is no reason why the estate of the insured should be entitled to the proceeds. The question whether the insurer is liable for the surrender value of the policy depends upon the law of the State, and is not within the scope of the Restatement of this Subject. [*Restatement, Restitution,* § 189(1), Comment e(3)].

*Scott on Trusts* covers the situation as follows:

There are some situations in which, where the beneficiary of the policy murders the insured, the insurance company is relieved of liability on the policy. In such cases the murderer is not chargeable as constructive trustee for the estate of the insured, and there can be no recovery against the company either by the beneficiary or by the personal representatives of the insured. The insurance company is relieved of liability in three cases. These are (1) where the murder of the insured by the beneficiary is an excepted risk; (2) where the contract of insurance is fraudulent in its inception; and (3) where no one but the beneficiary or one claiming through him has any interest in the policy.

 · · · · · · · ·

Where the beneficiary takes out the policy and pays the premiums, and subsequently murders the insured, the insurance company is not liable on the insurance. In such a case no one but the beneficiary has any interest in the policy. It is clear that the beneficiary should be precluded from taking and keeping the proceeds of the policy. It is clear also that the insured himself had no interest in the policy, and there is no reason why the proceeds should be paid to his estate. [5 *Scott, Trusts* (3 ed.) § 494.2 at p. 3350–3352; footnote omitted]

The New York courts follow the principle set forth in *Scott* and the *Restatement. See Boatwright v. Hartford Ins. Co.,* 64 *App.Div.*2d 262, 409 *N.Y.S.*2d 860 (App.Div. 1978); *Spicer v. New York Life Ins. Co.,* 268 *F.* 500 (5 Cir. 1920), *cert.* den. 255 *U.S.* 572, 41 *S.Ct.* 376, 65 *L.Ed.* 792 (1920).

 This court holds that if no one other than the murderer has any interest in the policy, the company should be relieved of its obligation. This is a contractual situation. The murderer cannot take. There is no reason why the estate of the insured should take, as it would if the insured had any interest whatso-

ever in the policy. This is not a windfall for the company. It would have been liable had death occurred from another cause.

This conclusion is supported by dictum in *Anderson v. Life Ins. Co. of Virginia*, 152 *N.C.* 1, 67 *S.E.* 53 (Sup.Ct. 1910). *See, also*, Grossman, "Liability and Rights of the Insurer When the Death of the Insured is Caused by the Beneficiary or by an Assignee," 10 *Boston U.L.Rev.* 295, 306 (1930).

The case of *Draper v. Commissioner of Internal Revenue*, 536 *F.*2d 944 (1 Cir. 1976), involved the question of whose estate is liable for the estate tax in a murder and suicide situation. After referring to the quotations from the *Restatement* and *Scott on Trusts, supra*, the court avoided the result therein suggested. Even though the husband apparently owned the policy and paid the premium, the court felt that the estate of the murdered wife should receive the proceeds, saying (at 947), "As wife, mother and homemaker, she contributed in a very real sense to making payments on those policies possible, in the course of a marriage of close to thirty years, during which she raised three children." This distinction cannot be made in the present case as the children certainly had no part in the payment of the premiums.

One New Jersey case might be read as pointing to a conclusion other than that reached here. *Merrity v. Prudential Ins. Co. of America, supra*, covered a policy on the joint lives of a husband and wife and payable to the survivor. While the court commented, "and we apprehend that it is immaterial whether there is a right to change beneficiary reserved or precluded or whether the premium was paid by the insured or by someone else." However, under the facts in that case, it is clear that the premiums on the policy were the obligation of both the husband and the wife as they were both insureds and beneficiaries. Hence, the comments by the court are dictum.

The weight of authority and the sounder reasoning supports the decision herein.