Nash, O. J.
 

 There is no dispute between the parties as to the facts of the case: The defendants issued a note or bank bill for one hundred dollars payable to the bearer at the branch of the said bank at Salisbury. The note in the present case, had been cut into halves, one of which was lost, and the other half presented at the counter of the mother bank at Wilmington for payment, which was refused: no demand was made on the branch at Salisbury. The bill is filed against the mother bank at Wilmington; it cannot be maintained.
 

 At law, it is fully established that a promissory note, made payable on its face, on demand at a particular place, must be presented at that place before any cause of action arises to the holder. The place stands in the body of the instrument as a part of it, and an important part of the contract. ' It must be declared on as it appears, and so proved. When no place is
 
 *32
 
 specified where a note is to be paid, the debtor must seek his creditor; by specifying the place, the debtor is saved this trouble, as he knows where to go to meet his note at maturity. Until a demand at the place designated, the debtor is in no default, and the holder has no cause of action.
 
 Bank of the State
 
 v.
 
 the Bank of Cape Fear,
 
 13 Ire. 75, and the cases there cited, lilis, then, is the law. lías a Court of Equity any power to dispense with this law ? It is a maxim in Equity, that it follows the law, but it nowhere assumes to create law, Mr. Adams, whose treatise on Equity is a mine of wealth to the student, and the dispenser of equitable rights, at the 30th page of the introduction to the work says, the principal upon which the power of a Court of Equity is exercised, is that of affording an effectual remedy, where the remedy at common law is imperfect, but not, as has been sometimes erroneously supposed, that of creating a right which the common law denied ; and at page 42, he'says, “Equity does not create rights which the common law denies.” The common law denies to the holder of a promissory note any right of action, until a demand is made at the place specified on its face- — the parties have made it a part of their contract. Nor does this case present the principle where Equity modifies-the rules of the law. for
 
 it
 
 applies.to cases seeking a specific performance of a contract. The case of
 
 Allen
 
 v.
 
 State
 
 Bank, 1 Dev. and Bat. Eq. 3, merely establishes the principle that where a bank note is lost, or where it has been cut into two halves, and one half lost, that the latter is not a destruction of the note, and that Equity will grant relief, upon the proper indemnity; it says nothing about presentment, when specified.
 

 In this case, the note being on demand, distinguishes it from
 
 Nichols v.
 
 Pool, decided at this Term, 2 Jones’ R. 4; there the time of payment was certain; in this it is uncertain. Bill dismissed with costs.
 

 PicR Curiam. Decree accordingly.