SARAH OWENS, v. JAMES OWENS and others.

*Dower—Forfeitures for Crime.*

1. The only criminal misbehavior which bars a widow's right of dower is the commission of adultery and living separate from her husband at the time of his death, as provided in § 2102, of *The Code.* A widow convicted as accessory before the fact to her husband's murder, and confined in the State's prison under sentence therefor, is entitled to dower in his lands.

2. Forfeiture of property for crime is unknown to our law, nor does crime intercept the transmission of an intestate's property to his heirs and distributees.

SPECIAL PROCEEDING for dower, heard on appeal, at Fall Term, 1887, of WASHINGTON Superior Court, before *Graves, J.*

There was judgment for the defendants, from which plaintiff appealed.

The facts appear in the opinion.

*Mr. T. N. Hill,* (*Mr. S. B. Spruill* also filed a brief,) for the plaintiff.

*Mr. A. W. Haywood,* (*Mr. C. L. Pettigrew* also filed a brief,) for the defendants.

SMITH, C. J.   This special proceeding, instituted in the Superior Court, before the Clerk, on July 11, 1887, by the plaintiff, the widow of A. D. Owens, who died by an act of violence, intestate, in the month of September, in the year preceding, against the defendants, his infant children and heirs at law, is to have her dower assigned in the lot whereon he resided.   The defendants, not disputing the general allegations contained in the petition, deny the plaintiff's right to dower in the lot, for that, at Fall Term, 1886, of the Superior Court of Beaufort, on the trial, she had been convicted of being an accessory before the fact to the murder of the

deceased, and was sentenced to imprisonment for life in the State prison, wherein, in pursuance of said judgment, she is still confined. The plaintiff entered a demurrer to the answer, which, upon hearing before the Clerk, was adjudged to be insufficient, and the application denied.

Upon her appeal to the Judge, he affirmed the judgment of the Clerk, overruling the demurrer, and from this an appeal is taken to this Court, in which is brought up the question whether the petitioner, by her criminal act in participating in the murder of her husband, has thereby deprived herself of the right to have dower allotted to her under the law, in the estate of which he was seized, and which has descended to his heirs at law.

The natural feeling inspired by her proved co-operation in the unnatural and wicked act of taking her husband's life, and thus availing herself of the generous provision of the law, that secures her surviving a home for life, is repugnant to a claim preferred under such circumstances of perfidy to the marital relations. In the absence of authority, the well instructed and able Judge who tried the cause, ruled against the allowance of dower, as it would in fact be "to reward crime" by conferring benefits that result from, and are procured by, its commission.

We feel ourselves unable to concur in this conclusion, for the reason, that while the law gives the dower, and makes it paramount to the claims of creditors even, there is no provision for its forfeiture for crime, however heinous it may be, and even when the husband is its victim. The only statutory provision which, for criminal misbehavior, bars an action prosecuted for the recovery of dower, is where she shall commit adultery, and shall not be living with her husband at his death, " *The Code*, § 2102, extended to a distributive share in the personal estate, and a right to administer, sec. 1481. The statute is more stringent than that before existing, and found in the Rev. Code, ch. 118, sec. 11, which bars

100—16

the claim to dower to cases in which the wife willingly leaves her husband, and continues to live with her adulterer, unless a reconciliation takes place, and the husband again suffers her to dwell with him.

As there is no other act of the wife, which by statute known to us works a forfeiture, we do not see how any legal obstacle can be in the way of her seeking to get what the law, in unqualified terms, gives her. She may not be able to enjoy, in person, the possession of the lot—and so it might be of other property—yet the profits of the limited estate, the fruits of the occupancy, are not the less hers, and, at her disposal. She may obtain a pardon and release from confinement, and then could enter into possession; but possession in fact, and the right to possess or lease or sell the estate, are distinct and separate things.

Is the right of the wife to share in the personal estate as a distributee lost or affected by the fact, that the intestate died at her hands, or through her procurement? Does the child, who slays a parent, thereby lose his right to participate with his brothers and sisters in the distribution of the personal, or to take his part of the descended real estate? Or, reversing the matter, does the husband who kills his wife impair his right, under the statute of distributions, to succeed to the ownership of her personal property left, after payment of debts? Or, in general terms, does any one, as a consequence of an unlawful taking of human life, become thereby disabled to take a part of the estate left by the deceased, which the law gives him, and gives him subject to no such condition?

We are unable to find any sufficient legal ground for denying to the petitioner the relief which she demands; and it belongs to the law-making power alone, to prescribe additional grounds of forfeiture of the right, which the law itself gives, to a surviving wife.

Forfeitures of property for crime are unknown to our law,

nor does it intercept for such cause the transmission of an intestate's property to heirs and distributees, nor can we recognize any such operating principle. We have searched in vain for an authority or ruling on the question, and find no adjudged case; the fact, that none such is met with, affords a strong presumption against the proposition. We must, therefore, determine. the appeal " upon the reason " of the thing.

There is error, and the judgment must be reversed, to the end that the cause proceed to a final determination, in accordance with law.

Error.                                                    Reversed.