P. D. McMICHAEL, Administrator of LAWRENCE L. PROCTOR, Deceased, v. FRANCES C. PROCTOR, Widow, JOHN PROCTOR and Wife, EMMA PROCTOR, GLENN PROCTOR and Wife, EULA PROCTOR, HATTIE P. WILSON and Husband, IRVIN WILSON, FRANCES P. MILLS and Husband, PAUL MILLS, CURTIS PROCTOR, Single, JAMES PROCTOR and Wife, INDIA PROCTOR, and SHIRLEY ANN PROCTOR, Minor, by and Through Her General Guardian, CURTIS PROCTOR.

(Filed 3 February, 1956.)

**1. Dower § 9: Descent and Distribution § 3b—**

The acquittal of a widow of the murder of her husband is a complete defense to the claim that she had, by firing the pistol causing his death, forfeited her property rights in his estate. G.S. 30-4, G.S. 52-19, G.S. 28-10.

**2. Same: Statutes § 5a—**

The statutes enumerating the grounds for forfeiture by a widow of her right to dower exclude any other reason for such forfeiture under the maxim *inclusio unius est exclusio alterius*. G.S. 30-4, G.S. 52-20, G.S. 52-19, G.S. 28-10, G.S. 30-7.

**3. Common Law—**

When the General Assembly legislates in respect to the subject matter of any common law rule, the statute supplants the common law and becomes the public policy of this State in respect to that particular matter.

**4. Equity § 1—**

Equity does not override the law or create rights which the common law has denied.

**5. Executors and Administrators § 3—**

The clerk of the Superior Court, as probate judge, has exclusive jurisdiction to hear and decide a motion to remove an administrator for cause. G.S. 28-32.

**6. Attorney and Client § 1—**

While the court has inherent power to act whenever it is made to appear that the conduct of counsel in a cause pending in court is improper or unethical, questions of propriety and ethics are ordinarily for consideration of the North Carolina Bar, Inc. G. S. 84-23, 28.

**7. Appeal and Error § 39c—**

Appeal from the refusal of the court to order the administrator to cease and desist from aiding the widow in the prosecution of her claim for dower is without substantial legal merit on the heirs' appeal when the identical question is presented by the widow on her appeal.

**8. Executors and Administrators § 29—**

An administrator should maintain a position of strict impartiality as between contending claimants, and the clerk should not allow compensation or counsel fees for his services or the services of his counsel in furthering the claim of the widow in conflict with those of the heirs.

McMichael v. Proctor.

Appeal by petitioner and respondents from *Johnston, J.,* May Term 1955, Rockingham.

Special proceeding instituted by petitioner administrator to procure the approval of his final account in solemn form.

The petitioner made the widow and all the heirs and next of kin of the deceased, together with their spouses, if any, respondents. To facilitate discussion of the questions presented, the respondent Frances C. Proctor will hereafter be referred to as the widow, and the respondent heirs and next of kin will be referred to as the heirs.

The administrator's final account attached to his petition as an exhibit and as a part thereof discloses that it was necessary to sell all the land of the deceased to make assets to pay debts, and that according to the calculation of the administrator, the present cash value of the widow's dower interest in said land amounts to $26,432.69 of which he has on hand, and for which he takes credit, $26,352.16. This item is the bone of contention between the parties. The heirs, in answering the petition, allege as an affirmative defense against the allowance of a dower interest to the widow that the widow "did wrongfully and intentionally kill her husband . . . with a deadly weapon, to-wit: a pistol." They allege that the widow, by wrongfully slaying her husband as alleged, "lost, abandoned and forfeited all of her legal and equitable interests in the said estate . . ." They pray that it be adjudged (1) that the widow is not entitled to a dower interest in the land of plaintiff's intestate; (2) that the fund reserved by the petitioner as representing the present cash value of the widow's dower be distributed among the heirs-at-law of the intestate; or (3) in lieu thereof that the widow be adjudged to hold said fund in trust "for the exclusive use, benefit and enjoyment of the heirs of Lawrence L. Proctor and such other persons as would have shared in the estate of Lawrence L. Proctor if Frances C. Proctor had predeceased her said husband." No other exception to the account was entered. They further pray that the cause be transferred to the civil issue docket of the Superior Court to the end that the issues raised by the pleadings may be tried by jury.

The petitioner replied to the further answer of the heirs and pleaded the provisions of G.S. 30-4 and 30-5. He further pleads that said widow has been duly tried on a charge of second degree murder and was acquitted by a jury. He prays that the objection of the heirs to the final account in respect to the widow's dower be disallowed.

The widow answered the petition and admitted the allegations therein contained. She likewise replied to the further answer of the heirs in which she admits that she fired the pistol that caused the death of her husband, but that "she shot Lawrence L. Proctor in self-defense; that at the November 1953 Criminal Term of Court of Rockingham County,

North Carolina, a Rockingham County Jury found Frances C. Proctor not guilty of any felonious slaying of her husband, Lawrence L. Proctor." She further pleads the provisions of G.S. 30-4 and 30-5, and prays that the administrator be directed to pay her forthwith the present cash value of her dower interest in the land of which her husband stood seized and possessed during coverture, in the amount calculated by him.

Thereafter the heirs demurred to the reply (It is not stated whether reference is made to the reply of the petitioner or of the widow.) for that the fact the widow was acquitted on a criminal charge of murdering her husband therein pleaded does not constitute a valid defense to their affirmative allegations. They likewise moved to strike paragraphs 1, 3, and 4 of the reply. (Evidently this demurrer and motion to strike is directed to the reply filed by the petitioner and the motion to strike is a motion to strike references to G.S. 30-4 and G.S. 30-5 and the allegation of acquittal of the widow on a trial for murder of petitioner's intestate.)

The petitioner moved for judgment on the pleadings. After all the pleadings were filed and the motions were made, the clerk, on 26 April 1955, entered his judgment (1) adjudging that the questions raised by the demurrer and motions to strike are not within his jurisdiction; (2) denying the motion to strike a portion of petitioner's reply; and (3) denying the administrator's motion for approval of his final account, and (4) transferring the cause to the civil issue docket.

After the cause had been transferred to the civil issue docket, the heirs filed a motion in the Superior Court in which they seek the removal of the present administrator and the dismissal of this proceeding for the conduct of the petitioner in joining forces with the widow in that he filed an identical plea in reply to the affirmative facts pleaded in the answer of the heirs; or, in the alternative, that the court decree that the widow holds said dower interest in trust for the use and benefit of the heirs of plaintiff's intestate who would take had said widow predeceased her husband.

When the cause came on to be heard in the court below, the court entered its order (1) striking from the widow's reply the following: "that at the November 1953 Criminal Term of Court of Rockingham County, North Carolina, a Rockingham County Jury found Frances C. Proctor not guilty of any felonious slaying of her husband, Lawrence L. Proctor;" (2) striking paragraphs 2 and 3 of said reply in which the widow pleads the provisions of G.S. 30-4 and 30-5; (3) sustaining the demurrer of the heirs to the reply of the petitioner; (4) adjudging "That the clerk's order denying the petitioner's motion that the final account be approved is premature and therefore is stricken;" (5) ap-

McMichael v. Proctor.

proving the order of the clerk transferring the cause to the civil issue docket; and (6) denying the motion to remove the administrator "for that this court is without jurisdiction inasmuch as original jurisdiction is in the clerk in such matters."

The petitioner, the widow, and the heirs all excepted to the order entered and appealed.

*Brown, Scurry & McMichael for administrator.*

*Brown, Scurry & McMichael and Price & Osborne for widow, Frances C. Proctor.*

*P. W. Glidewell, Sr., and Gwyn & Gwyn for respondents.*

BARNHILL, C. J. The heirs challenge the final account filed by the petitioner in one respect only. They assert that the payment of the present cash value of the widow's interest in the land sold to make assets should not be paid to her; that she wrongfully slew her husband, petitioner's intestate; that she thereby forfeited her interest in her husband's estate; and that the sum which represents the present cash value of her dower interest should be paid to those who would have inherited the same if she had predeceased plaintiff's intestate.

Thus the appeals of the petitioner and the widow present one primary question for decision, and that is: Does the fact the widow has been tried and acquitted of the charge that she feloniously and unlawfully murdered her husband, plaintiff's intestate, constitute a valid and complete defense to the plea that she has forfeited her dower interest in her husband's estate, or may the heirs again raise that issue for trial by jury in this proceeding? To state it contrariwise, does the plea that the widow wrongfully slew her husband, without further alleging that she has been convicted therefor, constitute cause for disallowing her claim for dower?

We are constrained to hold that her indictment, trial and acquittal of the charge of the felonious murder of her husband is a complete defense to the plea of forfeiture contained in the answer of the heirs, and that the court below erred (1) in sustaining the demurrer of the heirs to the reply of the petitioner, (2) in striking any part of the reply of the widow, and (3) in ordering that this proceeding be placed on the civil issue docket for trial by jury.

The plea of the heirs is wholly inadequate to constitute an affirmative defense or to defeat the widow's right to dower in her husband's real property. On the other hand, the plea interposed by her and the petitioner that she has been acquitted of the murder of her husband is a complete defense to the claim that she has forfeited her property rights as widow of petitioner's intestate.

So much of the common law as has not been abrogated or repealed by statute is in full force and effect within this State. G.S. 4-1; *Elliott v. Elliott*, 235 N.C. 153, 69 S.E. 2d 224, and cases cited.

But the General Assembly is the policy-making agency of our government, and when it elects to legislate in respect to the subject matter of any common law rule, the statute supplants the common law rule and becomes the public policy of the State in respect to that particular matter.

Such is the case as to the property rights of a wife in the real property of her husband. The General Assembly has enacted statutes defining the rights of a woman in the real property of her husband and prescribing the grounds for forfeiture thereof.

"Widows shall be endowed as at common law as in this chapter defined," G.S. 30-4, and "Subject to the provision in section 30-4, every married woman, upon the death of her husband intestate . . . shall be entitled to an estate for her life in one-third in value of all the lands, tenements and hereditaments whereof her husband was seized and possessed at any time during coverture . . ." G.S. 30-5.

Four different grounds upon which the wife may forfeit her right of dower are provided, to wit: If the wife (1) "shall commit adultery, and shall not be living with her husband at his death," G.S. 30-4, G.S. 52-20; or (2) "elopes with an adulterer, or willfully and without just cause abandons her husband and refuses to live with him, and is not living with her husband at his death," G.S. 52-20; or (3) "shall be convicted of the felonious slaying of her husband, or being accessory before the fact to the felonious slaying of her husband," G.S. 30-4, G.S. 52-19, and G.S. 28-10; or (4) is divorced from bed and board on the application of the husband, G.S. 52-20.

Then, in addition to a forfeiture of her dower interest in her husband's estate for these several reasons defined by statute, her dower interest is barred or defeated by a decree *a vinculo*, G.S. 28-10, or by deed of conveyance executed as provided by law, G.S. 30-7.

Thus is the public policy of the State in respect to a married woman's right of dower in the lands of her husband fixed and determined. *Inclusio unius est exclusio alterius.*

To permit a person who commits a murder or any person claiming under him to benefit by his criminal act would be contrary to public policy, and it is a rule recognized and, in proper cases, enforced in this jurisdiction. *Parker v. Potter*, 200 N.C. 348, 157 S.E. 68. But it is pointed out in the *Parker case* that the rule is enforced by equity in cases where the property interest involved is not conferred by statute and the statute itself does not recognize any exceptions. When the

right of succession is conferred by statute, and the statute provides the causes for forfeiture, the statutory provisions control. That is to say, "It is not the way of equity to override the law or . . . to destroy property rights." *Vernon v. Realty Co.,* 226 N.C. 58, 36 S.E. 2d 710. Nor does equity create rights which the common law denied. *Sappenfield v. Goodman,* 215 N.C. 417, 2 S.E. 2d 13. The right must exist before equity may be invoked. *Streater v. Bank,* 55 N.C. 31.

The widow admits she fired the pistol which inflicted the wound that caused the death of plaintiff's intestate. She has been tried therefor on a charge of murder by a court of competent jurisdiction and acquitted. She cannot again be tried for the same offense.

The language of the statutes, G.S. 30-4 and G.S. 52-19, is positive, direct and unequivocal. On this record anything short of a conviction or plea of guilty is insufficient to constitute a valid defense to the widow's claim of dower. The Legislature has so decreed and we must so hold. The courts cannot and will not extend those provisions by providing still another or additional cause for forfeiture.

In fact, before the enactment of the statutes now codified as G.S. 30-4 and G.S. 52-19, this Court expressly held that a conviction of the widow for the murder of her husband would not suffice to defeat or cause a forfeiture of the widow's interest in her deceased husband's estate. *Owens v. Owens,* 100 N.C. 240, 6 S.E. 794. Incidentally, the Legislature, at the next session of the General Assembly following that decision, enacted the statutes now under consideration.

We have carefully examined the cases relied on by the appellees and find that they are distinguishable. They do not relate to the forfeiture of a widow's dower. Furthermore, in each case, except in *Parker v. Potter, supra,* the heir who was entitled to take under the statute had been convicted. In the *Parker case,* the husband murdered his wife and then committed suicide. Of course, he had not been tried and convicted and, as he was dead, could never be tried. But the record contained the admission that the husband "wrongfully, unlawfully and feloniously shot and killed his said wife." The court in that case held that the admission was sufficient to bar the rights of those who claimed by, through or under the husband. But there is no such admission here. Instead, the record discloses affirmatively that the widow has been tried and was acquitted.

We concur in the opinion of the court below that the clerk, acting as probate judge, has exclusive original jurisdiction to hear and decide a motion to remove an administrator for cause. G.S. 28-32; *Murrill v. Sandlin,* 86 N.C. 54; *Jones v. Palmer,* 215 N.C. 696, 2 S.E. 2d 850; *In re Estate of Galloway,* 229 N.C. 547, 50 S.E 2d 563.

The only assignment of error made by the heirs is as follows:

"His Honor erred in failing to sustain the motion of the respondents (other than Frances C. Proctor), as appears in the record, that the court order the administrator to withdraw his reply and direct his counsel to cease and desist from representing the widow in her claim for dower."

The question the heirs seek to raise by this assignment of error is one of propriety or ethics. While the court has the inherent power to act whenever it is made to appear that the conduct of counsel in a cause pending in court is improper or unethical, under our present statute questions of propriety and ethics are ordinarily for the consideration of the North Carolina Bar, Inc., which is now vested with jurisdiction over such matters. G.S. 84-23, 28.

In any event, the widow in her pleadings presents for decision the identical question the administrator seeks to present in his reply. And even if we should hold that the administrator has improperly and unethically directed his counsel to abandon the administrator's position of neutrality and to advance the cause of the widow, this would not constitute grounds for the forfeiture of the widow's right of dower. Hence the appeal of the heirs is without substantial legal merit.

It is not amiss to note, however, that an administrator is an officer of the court charged with the duty of administering the estate of his intestate under the law and as by the court directed. He represents, in a trust capacity, both the creditors and the next of kin. And as between contending factions or claimants, he should ever be on the alert to maintain his position of strict impartiality.

It was not the function of the administrator in this proceeding to reply to the answer of the heirs and assert the widow's defense to the affirmative allegations made by the heirs as the basis of their claim that the widow had forfeited her right of dower. Hence, when the clerk comes to consider the amounts he will allow the administrator for commissions and for counsel fees, no compensation should be allowed for his services or for the services of his counsel in this respect.

There is no issue of fact raised by the answer of the heirs. Therefore, the court below will remand the cause to the clerk with directions that he proceed to audit and file petitioner's final account in accord with this opinion and as by law provided.

Error and remanded.