IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-693

 No. COA21-175

 Filed 21 December 2021

Wake County, No. 19 CVS 8198

RURAL EMPOWERMENT ASSOCIATION FOR COMMUNITY HELP, et al.,
Plaintiffs,

 v.

STATE OF NORTH CAROLINA, et al., Defendants.

 Appeal by plaintiffs from order entered 23 December 2020 by a three-judge

panel of Wake County Superior Court appointed by the Chief Justice pursuant to

N.C. Gen. Stat. § 1-267.1 (2019). Heard in the Court of Appeals 1 December 2021.

 Lawyers’ Committee for Civil Rights Under Law, by Elizabeth Haddix and
 Mark Dorosin, and Patterson Harkavy LLP, by Burton Craige, Narendra K.
 Ghosh and Christopher A. Brook, for plaintiffs-appellants.

 Attorney General Joshua H. Stein, by Special Deputy Attorney General
 Matthew Tulchin and Assistant Attorney General Kenzie M. Rakes, for the
 State.

 Phelps Dunbar LLP, by Nathan A. Huff, Jared M. Burtner, W. Thomas Siler,
 admitted pro hac vice, and Nicholas Morisani admitted pro hac vice, for
 defendants-appellees Timothy K. Moore and Philip E. Berger.

 Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P., by Christopher
 G. Smith and David R. Ortiz, and Phillip Jacob Parker, Jr., Secretary &
 General Counsel North Carolina Farm Bureau Federation, Inc., for defendants-
 appellants North Carolina Farm Bureau Federation, Inc.

 Southern Environmental Law Center, by Blakely E. Hildebrand, Alex J.
 Hardee, and Chandra T. Taylor, for Environmental Justice Community Action
 Network, amicus curiae.
 RURAL EMPOWERMENT ASSOC. FOR COMM. HELP V. STATE

 2021-NCCOA-693

 Opinion of the Court

 Zaytoun Ballew & Taylor, PLLC, by Matthew D. Ballew, for North Carolina
 Advocates for Justice, amicus curiae.

 Tien K. Cheng and Christopher R. McLennan for North Carolina Department
 of Agriculture and Consumer Services, amicus curiae.

 TYSON, Judge.

¶1 Rural Empowerment Association for Community Help, North Carolina

 Environmental Justice Community Action Network, and Waterkeeper Alliance

 (collectively “Plaintiffs”) appeal from an order of a superior court three-judge panel,

 which granted Defendants’ motion to dismiss in favor of the State of North Carolina;

 Phillip E. Berger; Timothy K. Moore, in their capacities, respectively, as President

 Pro Tempore of the North Carolina Senate and as Speaker of the North Carolina

 House of Representatives; and, N.C. Farm Bureau Federation, Inc., Intervenor,

 (collectively “Defendants”). We affirm.

 I. Background

¶2 Forty-two years ago in 1979, the North Carolina General Assembly enacted the

 Right to Farm Act with the stated policy goal to: “[R]educe the loss to the State of its

 agricultural and forestry resources by limiting the circumstances under which an

 agricultural or forestry operation may be deemed a nuisance.” N.C. Gen. Stat. § 106-

 700 (2019); see 1979 N.C. Sess. Laws ch. 202, § 1. Hundreds of plaintiffs filed
 RURAL EMPOWERMENT ASSOC. FOR COMM. HELP V. STATE

 2021-NCCOA-693

 Opinion of the Court

nuisance actions against swine farmers in the superior courts in 2013. The General

Assembly amended the Right to Farm Act in 2013 by rewriting N.C. Gen. Stat. § 106-

701 as:

 When agricultural and forestry operation, etc., not
 constituted nuisance by changed conditions in or
 about the locality outside of the operation.

 (a) No agricultural or forestry operation or any of its
 appurtenances shall be or become a nuisance, private or
 public, by any changed conditions in or about the locality
 outside of the operation after the operation has been in
 operation for more than one year, when such operation was
 not a nuisance at the time the operation began.

 (a1) The provisions of subsection (a) of this section shall not
 apply when the plaintiff demonstrates that the
 agricultural or forestry operation has undergone a
 fundamental change. A fundamental change to the
 operation does not include any of the following:

 (1) A change in ownership or size,

 (2) An interruption of farming for a period of no more
 than three years,

 (3) Participation in a government-sponsored
 agricultural program,

 (4) Employment of new technology,

 (5) A change in the type of agricultural or forestry
 product produced.

 (a2) The provisions of subsection (a) of this section shall not
 apply whenever a nuisance results from the negligent or
 improper operation of any agricultural or forestry
 RURAL EMPOWERMENT ASSOC. FOR COMM. HELP V. STATE

 2021-NCCOA-693

 Opinion of the Court

operation or its appurtenances.

(b) For the purposes of this Article, “agricultural operation”
includes, without limitation, any facility for the production
for commercial purposes of crops, livestock, poultry,
livestock products, or poultry products.

(b1) For the purposes of this Article, “forestry operation”
shall mean those activities involved in the growing,
managing, and harvesting of trees.

(c) The provisions of subsection (a) shall not affect or defeat
the right of any person, firm, or corporation to recover
damages for any injuries or damages sustained by him on
account of any pollution of, or change in condition of, the
waters of any stream or on the account of any overflow of
lands of any such person, firm, or corporation.

(d) Any and all ordinances of any unit of local government
now in effect or hereafter adopted that would make the
operation of any such agricultural or forestry operation or
its appurtenances a nuisance or providing for abatement
thereof as a nuisance in the circumstance set forth in this
section are and shall be null and void; provided, however,
that the provisions of this subsection shall not apply
whenever a nuisance results from the negligent or
improper operation of any such agricultural or forestry
operation or any of its appurtenances. Provided further,
that the provisions shall not apply whenever a nuisance
results from an agricultural or forestry operation located
within the corporate limits of any city at the time of
enactment hereof.

(e) This section shall not be construed to invalidate any
contracts heretofore made but insofar as contracts are
concerned, it is only applicable to contracts and agreements
to be made in the future.

(f) In a nuisance action against an agricultural or forestry
operation, the court shall award costs and expenses,
 RURAL EMPOWERMENT ASSOC. FOR COMM. HELP V. STATE

 2021-NCCOA-693

 Opinion of the Court

 including reasonable attorneys’ fees, to:
 (1) The agricultural or forestry operation when the
 court finds the operation was not a nuisance and the
 nuisance action was frivolous or malicious; or
 (2) The plaintiff when the court finds the agricultural or
 forestry operation was a nuisance and the operation
 asserted an affirmative defense in the nuisance action
 that was frivolous and malicious.

 2013 N.C. Sess. Law 314, § 1 (emphasis supplied).

¶3 The plaintiffs refiled the nuisance actions in the United States District Court

 for the Eastern District of North Carolina (“federal district court”) in 2014 and added

 Murphy-Brown, LLC as a defendant. Murphy-Brown is a wholly owned subsidiary

 of Smithfield Foods Corporation. Murphy-Brown sought to defend the suits before

 the federal district court under the Right to Farm Act. The federal district court held

 the Right to Farm Act did not apply. See In re NC Swine Farm Nuisance Litig., 2017

 WL 5178038, at *4-5 (E.D.N.C. Nov. 8, 2017) (unpublished). The litigation in the

 federal district court without the right to farm defense resulted in five jury verdicts

 in favor of the plaintiffs.

¶4 In 2017 and 2018, the General Assembly again amended the Right to Farm

 Act. See An Act to Make Various Changes to the Agricultural Laws, 2018 N.C. Sess.

 Laws 113, § 10(a) (“S.B. 711”); An Act to Clarify the Remedies Available in Private

 Nuisance Actions Against Agricultural and Forestry Operations 2017 N.C. Sess.

 Laws 11 (“H.B. 467”).
 RURAL EMPOWERMENT ASSOC. FOR COMM. HELP V. STATE

 2021-NCCOA-693

 Opinion of the Court

¶5 S.B. 711 was codified as N.C. Gen. Stat. § 106-701, which provides:

 (a) No nuisance action may be filed against an agricultural
 or forestry operation unless all of the following apply:

 (1) The plaintiff is a legal possessor of the real property
 affected by the conditions alleged to be a nuisance.

 (2) The real property affected by the conditions alleged
 to be a nuisance is located within one half-mile of the
 source of the activity or structure alleged to be a
 nuisance.

 (3) The action is filed within one year of the
 establishment of the agricultural or forestry operation
 or within one year of the operation undergoing a
 fundamental change.

 (a1) For the purposes of subsection (a) of this section, a
 fundamental change to the operation does not include any
 of the following:

 (1) A change in ownership or size.

 (2) An interruption of farming for a period of no more
 than three years.

 (3) Participation in a government-sponsored
 agricultural program.

 (4) Employment of new technology.

 (5) A change in the type of agricultural or forestry
 product produced.

 (b) For the purposes of this Article, “agricultural operation”
 includes, without limitation, any facility for the production
 for commercial purposes of crops, livestock, poultry,
 livestock products, or poultry products.
 RURAL EMPOWERMENT ASSOC. FOR COMM. HELP V. STATE

 2021-NCCOA-693

 Opinion of the Court

(b1) For the purposes of this Article, “forestry operation”
shall mean those activities involved in the growing,
managing, and harvesting of trees.

(c) The provisions of subsection (a) shall not affect or defeat
the right of any person, firm, or corporation to recover
damages for any injuries or damages sustained by him on
account of any pollution of, or change in condition of, the
waters of any stream or on the account of any overflow of
lands of any such person, firm, or corporation.

(d) Any and all ordinances of any unit of local government
now in effect or hereafter adopted that would make the
operation of any such agricultural or forestry operation or
its appurtenances a nuisance or providing for abatement
thereof as a nuisance in the circumstance set forth in this
section are and shall be null and void. Provided, however,
that the provisions shall not apply whenever a nuisance
results from an agricultural or forestry operation located
within the corporate limits of any city at the time of
enactment hereof.

(e) This section shall not be construed to invalidate any
contracts heretofore made but insofar as contracts are
concerned, it is only applicable to contracts and agreements
to be made in the future.

(f) In a nuisance action against an agricultural or forestry
operation, the court shall award costs and expenses,
including reasonable attorneys’ fees, to:

 (1)The agricultural or forestry operation when the court
 finds the operation was not a nuisance and the nuisance
 action was frivolous or malicious; or

 (2)The plaintiff when the court finds the agricultural or
 forestry operation was a nuisance and the operation
 asserted an affirmative defense in the nuisance action
 RURAL EMPOWERMENT ASSOC. FOR COMM. HELP V. STATE

 2021-NCCOA-693

 Opinion of the Court

 that was frivolous and malicious.

 N.C. Gen. Stat. § 106-701 (2019).

¶6 H.B. 467 was codified as N.C. Gen. Stat. § 106-702, which provides:

 Limitations on private nuisance actions against
 agricultural and forestry operations

 (a) The compensatory damages that may be awarded to a
 plaintiff for a private nuisance action where the alleged
 nuisance emanated from an agricultural or forestry
 operation shall be as follows:

 (1) If the nuisance is a permanent nuisance,
 compensatory damages shall be measured by the
 reduction in the fair market value of the plaintiff's
 property caused by the nuisance, but not to exceed the
 fair market value of the property.

 (2) If the nuisance is a temporary nuisance,
 compensatory damages shall be limited to the
 diminution of the fair rental value of the plaintiff's
 property caused by the nuisance.

 (a1) A plaintiff may not recover punitive damages for a
 private nuisance action where the alleged nuisance
 emanated from an agricultural or forestry operation that
 has not been subject to a criminal conviction or a civil
 enforcement action taken by a State or federal
 environmental regulatory agency pursuant to a notice of
 violation for the conduct alleged to be the source of the
 nuisance within the three years prior to the first act on
 which the nuisance action is based.

 (b) If any plaintiff or plaintiff’s successor in interest brings
 a subsequent private nuisance action against any
 agricultural or forestry operation, the combined recovery
 from all such actions shall not exceed the fair market value
 RURAL EMPOWERMENT ASSOC. FOR COMM. HELP V. STATE

 2021-NCCOA-693

 Opinion of the Court

 of the property at issue. This limitation applies regardless
 of whether the subsequent action or actions were brought
 against a different defendant than the preceding action or
 actions.

 (c) This Article applies to any private nuisance claim
 brought against any party based on that party’s
 contractual or business relationship with an agricultural
 or forestry operation.

 (d) This Article does not apply to any cause of action
 brought against an agricultural or forestry operation for
 negligence, trespass, personal injury, strict liability, or
 other cause of action for tort liability other than nuisance,
 nor does this Article prohibit or limit any request for
 injunctive relief that is otherwise available.

 N.C. Gen. Stat. § 106-702 (2019).

¶7 Plaintiffs’ complaint was filed on 19 June 2019 and challenges the facial

 constitutionality of H.B. 467 and S.B. 711 (collectively “The Amendments”).

 Defendants moved to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (2019)

 on 1 October 2019. Plaintiffs moved for summary judgment under N.C. Gen. Stat. §

 1A-1, Rule 56 (2019). The Wake County Superior Court transferred this case to a

 three-judge panel pursuant to N.C. Gen. Stat. § 1A-1, Rule 42(b)(4) (2019) and N.C.

 Gen. Stat. § 1-267.1 (2019).

¶8 On 23 December 2020, the three-judge panel granted Defendants’ Rule 12(b)(6)

 motion to dismiss and denied Plaintiffs’ summary judgment motion. Plaintiffs

 appeal.
 RURAL EMPOWERMENT ASSOC. FOR COMM. HELP V. STATE

 2021-NCCOA-693

 Opinion of the Court

 II. Jurisdiction

¶9 This Court possesses jurisdiction pursuant to N.C. Gen. Stat. § 7A-27(b)(1)

 (2019).

 III. Issue

¶ 10 Plaintiffs argue the trial court erred by granting Defendants’ Rule 12(b)(6)

 motion.

 IV. Defendants’ Rule 12(b)(6) Motion

 A. Standard of Review

¶ 11 “A Rule 12(b)(6) motion tests the legal sufficiency of the pleading.” Kemp v.

 Spivey, 166 N.C. App. 456, 461, 602 S.E.2d 686, 690 (2004) (citation and quotation

 marks omitted). “When considering a [Rule] 12(b)(6) motion to dismiss, the trial court

 need only look to the face of the complaint to determine whether it reveals an

 insurmountable bar to plaintiff’s recovery.” Carlisle v. Keith, 169 N.C. App. 674, 681,

 614 S.E.2d 542, 547 (2005) (citation and quotation marks omitted).

¶ 12 “On appeal from a motion to dismiss under Rule 12(b)(6) this Court reviews de

 novo whether, as a matter of law, the allegations of the complaint . . . are sufficient

 to state a claim upon which relief may be granted[.]” Christmas v. Cabarrus Cty., 192

 N.C. App. 227, 231, 664 S.E.2d 649, 652 (2008) (ellipses in original) (citation and

 internal quotation marks omitted). This Court “consider[s] the allegations in the

 complaint [as] true, construe[s] the complaint liberally, and only reverse[s] the trial
 RURAL EMPOWERMENT ASSOC. FOR COMM. HELP V. STATE

 2021-NCCOA-693

 Opinion of the Court

 court’s denial of a motion to dismiss if [the] plaintiff is entitled to no relief under any

 set of facts which could be proven in support of the claim.” Id. (citation omitted).

 B. Facial Challenge

¶ 13 “A facial challenge is an attack on a statute itself as opposed to a particular

 application.” City of Los Angeles v. Patel, 576 U.S. 409, 443, 192 L. Ed. 2d 435, 443

 (2015). Facial challenges are “the most difficult challenge to mount” successfully.

 United States v. Salerno, 481 U.S. 739, 745, 95 L. Ed. 2d 697, 707 (1987). “In a facial

 challenge, the presumption is that the law is constitutional, and a court may not

 strike it down if it may be upheld on any reasonable ground.” Affordable Care, Inc.

 v. N.C. State Bd. of Dental Exam’rs, 153 N.C. App. 527, 539, 571 S.E.2d 52, 61 (2002).

¶ 14 In a facial challenge, “a plaintiff must establish that a law is unconstitutional

 in all of its applications.” Patel, 576 U.S. at 418, 192 L. Ed. 2d at 445 (citation and

 internal quotation marks omitted). During oral argument, Plaintiffs’ counsel

 conceded their complaint alleges only facial challenges and no as-applied allegations

 are asserted.

 C. Private Property Rights under Law of the Land Clause

¶ 15 Article I, Section 19 of the North Carolina Constitution, the Law of the Land

 Clause, provides, inter alia: “No person shall be taken, imprisoned, or disseized of his

 freehold, liberties, or privileges, or outlawed, or exiled, or in any manner deprived of

 his life, liberty, or property, but by the law of the land.” N.C. Const. art I, § 19. The
 RURAL EMPOWERMENT ASSOC. FOR COMM. HELP V. STATE

 2021-NCCOA-693

 Opinion of the Court

 Law of the Land Clause has been held to be the equivalent of the Fourteenth

 Amendment’s Due Process Clause in the Constitution of the United States. See State

 v. Collins, 169 N.C. 323, 324, 84 S.E. 1049, 1050 (1950). Plaintiffs argue H.B. 467

 and S.B. 711 violate the Law of the Land Clause and assert the statutes facially

 exceed the scope of the State’s police power.

¶ 16 “[A] decision of the United States Supreme Court interpreting the Due Process

 Clause is persuasive, though, not controlling, authority for interpretation of the Law

 of the Land Clause.” Evans v. Cowan, 132 N.C. App. 1, 6, 510 S.E.2d 170, 174 (1999)

 (citation omitted). Our Supreme Court has expressly “reserved the right to grant

 Section 19 relief against unreasonable and arbitrary state statutes in circumstances

 where relief might not be attainable under the Fourteenth Amendment to the United

 States Constitution.” In re Meads, 349 N.C. 656, 671, 509 S.E.2d 165, 175 (1998)

 (citation omitted).

¶ 17 In A-S-P Associates v. City of Raleigh, 298 N.C. 207, 214, 258 S.E.2d 444, 448-

 49 (1979), our Supreme Court articulated the analysis to be applied when examining

 due process challenges to governmental regulations of private property, which are

 claimed to be an invalid exercise of the State’s police power. The Court held: “First,

 is the object of the legislation within the scope of the police power? Second,

 considering all the surrounding circumstances and particular facts of the case is the

 means by which the governmental entity has chosen to regulate reasonable?” Id.
 RURAL EMPOWERMENT ASSOC. FOR COMM. HELP V. STATE

 2021-NCCOA-693

 Opinion of the Court

 (citation omitted).

¶ 18 Our Supreme Court examined the role of a court in Responsible Citizens in

 Opposition to Flood Plain Ordinance v. City of Asheville, 308 N.C. 255, 261, 302

 S.E.2d 204, 208 (1983), to “determine[] whether the ends sought, i.e., the object of the

 legislation, is within the scope of the power.” The second prong is a two-part inquiry,

 requiring the court to determine: “(1) Is the statute in its application reasonably

 necessary to promote the accomplishment of a public good and (2) is the interference

 with the owner’s right to use his property as he deems appropriate reasonable in

 degree?” Id. at 261-62, 302 S.E.2d at 208 (citation omitted).

¶ 19 Our State’s long-asserted interest in promoting and preserving agriculture,

 forestry, horticulture, livestock, and animal husbandry activities and production

 within North Carolina clearly rests within the scope of the State’s police power. “It

 is the declared policy of the State to conserve and protect and encourage the

 development and improvement of its agricultural land and forestland for the

 production of food, fiber, and other products.” N.C. Gen. Stat. § 106-700. The first

 prong is met. Responsible Citizens, 308 N.C. at 261, 302 S.E.2d at 208.

¶ 20 Both parts of the second prong in Responsible Citizens are also met. H.B. 467

 and S.B. 711 are intended to promote agricultural and forestry activities and

 production in North Carolina by defining and limiting nuisance claims from

 agricultural, forestry, and related operations. N.C. Gen. Stat. §§ 106-701, 702.
 RURAL EMPOWERMENT ASSOC. FOR COMM. HELP V. STATE

 2021-NCCOA-693

 Opinion of the Court

 “[W]ithin constitutional limits, it is the function of the Legislature, not of the courts,

 to determine the [public and] economic policy of the State and this Court may not

 properly declare a statute invalid merely because the Court deems it economically

 unwise.” Bulova Watch Co. v. Brand Distributors, 285 N.C. 467, 478, 206 S.E.2d 141,

 149 (1974) (citations omitted).

¶ 21 The asserted and purported interference in the statute with the enjoyment of

 property is reasonable and clearly rests within the General Assembly’s enumerated

 powers. By passage of an act with the signature of the Governor of North Carolina,

 the General Assembly can modify or amend the common law or amend, replace, or

 repeal a state statute. See Pinkham v. Unborn Child. of Jather Pinkham, 227 N.C.

 72, 78, 40 S.E.2d 690, 694 (1946) (“It is said that no person has a vested right in a

 continuance of the common or statute law. It follows, generally speaking, a right

 created solely by the statute may be taken away by its repeal or by new legislation.”

 (citation omitted)).

¶ 22 Limiting potential nuisance liability from agricultural, forestry, and related

 operations helps ensure the State’s stated goal to protect agricultural activities in

 North Carolina and to encourage the availability and continued “production of food,

 fiber, and other products.” N.C. Gen. Stat. § 106-700. Plaintiff’s argument is

 overruled.

 D. Fundamental Right to Property
 RURAL EMPOWERMENT ASSOC. FOR COMM. HELP V. STATE

 2021-NCCOA-693

 Opinion of the Court

¶ 23 Plaintiffs assert the limitations imposed on a cause of action for nuisance

 violates their fundamental right to enjoy their property, citing Kirby v. N.C. Dep’t of

 Transp., 368 N.C. 847, 786 S.E.2d 919, 921 (2016). In Kirby, our Supreme Court held

 the North Carolina Department of Transportation’s application of the Roadway

 Corridor Official Map Act (repealed 2019 N.C. Sess. Laws 35), which placed

 restrictions on the “plaintiffs’ fundamental rights to improve, develop, and subdivide

 their property for an unlimited period of time[]” constituted “a taking of plaintiffs’

 elemental property rights by eminent domain.” Kirby, 368 N.C. at 848, 786 S.E.2d at

 921.

¶ 24 The Supreme Court of North Carolina has long recognized the right to the

 enjoyment of property and the right to judicial review. See Bayard v. Singleton, 1

 N.C. (Mart.) 5, 9 (1787). Here, unlike Kirby, Plaintiffs’ have not alleged an inverse

 condemnation has occurred or any other kind of governmental taking by eminent

 domain. Plaintiffs assert these statutes facially violates their prospective

 fundamental right to property, which we above hold are facially constitutional under

 the Law of the Land Clause and the Due Process clause. Plaintiffs’ argument is

 overruled.

 E. Local, Private, or Special Act

¶ 25 Article II, section 24 of the North Carolina Constitution states: “The General

 Assembly shall not enact any local, private, or special act or resolution: . . . Relating
 RURAL EMPOWERMENT ASSOC. FOR COMM. HELP V. STATE

 2021-NCCOA-693

 Opinion of the Court

 to health, sanitation, and the abatement of nuisances[.]” N.C. Const. art II, § 24. The

 North Carolina Constitution further provides: “The General Assembly may enact

 general laws regulating matters set out in this Section.” Id. (emphasis supplied).

¶ 26 Plaintiffs argue the Amendments are private or special laws “relating to

 health, sanitation, and the abatement of nuisances” in violation of Article II, section

 23 of the North Carolina Constitution. “A statute is either ‘general’ or ‘local’, there is

 no middle ground.” High Point Surplus Co. v. Pleasants, 264 N.C. 650, 656, 142

 S.E.2d 697, 702 (1965).

¶ 27 “[N]o exact rule or formula capable of constant application can be devised for

 determining in every case whether a law is local, private, or special or whether [it is]

 general.” McIntyre v. Clarkson, 254 N.C. 510, 517, 119 S.E.2d 888, 893 (1961). Our

 Supreme Court has adopted the “reasonable classification” test from McIntyre to

 determine whether an act is private or special prohibited by Article II, section 24 or

 is a general law, which the General Assembly has the constitutional authority to

 enact. See Id. at 517-19, 119 S.E.2d at 893-99.

¶ 28 A special law is “made for individual cases[.]” Id. at 517, 119 S.E.2d at 893

 (citation omitted). “A private law is one which is confined to particular individuals,

 associations or corporations.” Id. (citation omitted). While, “[g]eneral laws embrace

 the whole of a subject and are of common interest to the whole State.” Id. (citation

 omitted). A law has general applicability, if:
 RURAL EMPOWERMENT ASSOC. FOR COMM. HELP V. STATE

 2021-NCCOA-693

 Opinion of the Court

 it applies to and operates uniformly on all the members of
 any class of persons, places or things requiring legislation
 peculiar to itself in matters covered by the law. . . .
 Classification must be reasonable and germane to the law.
 It must be based on a reasonable and tangible distinction
 and operate the same on all parts of the State under the
 same conditions and circumstances. Classification must
 not be discriminatory, arbitrary or capricious.

 High Point Surplus Co., 264 N.C. at 657, 142 S.E.2d at 702-03 (ellipses in original)

 (citation and internal quotation marks omitted).

¶ 29 While Plaintiffs assert the Amendments are private protections for the swine

 industry, the statutes are statewide laws of general applicability to “agricultural and

 forestry operation[s].” This distinction between agricultural and forestry industries

 and all other industries satisfies prong one. The second prong is satisfied because of

 the distinction between agricultural “production of food, fiber, and other products”

 and forestry and all other industries is germane to The Amendments’ stated purpose

 to preserve and protect the agricultural and forestry activities and production. N.C.

 Gen. Stat. § 106-700. The Amendments seek to define and ameliorate the

 consequences that nuisance suits by remote parties pose prospectively to established

 and essential agricultural and forestry operations. See id. Finally, all members of

 the classifications of agricultural and forestry operations, subject to The

 Amendments’ general terms and applicability, may invoke their protections against

 suit. Id. Plaintiffs’ argument is overruled.
 RURAL EMPOWERMENT ASSOC. FOR COMM. HELP V. STATE

 2021-NCCOA-693

 Opinion of the Court

 F. Right to Trial by Jury

¶ 30 Article I, section 25 of the North Carolina Constitution provides: “In all

 controversies at law respecting property, the ancient mode of trial by jury is one of

 the best securities of the rights of the people, and shall remain sacred and inviolate.”

 N.C. Const. art I, § 25. Plaintiffs argue H.B. 467, which partially limits a jury’s ability

 to award traditional compensatory damages and limits the compensatory damages

 any successor-in-interest can seek in nuisance actions, removes from the jurors a

 determination respecting property in violation of Article I, section 25 of the North

 Carolina Constitution.

¶ 31 Our Supreme Court has long held: “the General Assembly is the policy-making

 agency of our government, and when it elects to legislate in respect to the subject

 matter of any common law rule, the statute supplants the common law rule and

 becomes the public policy of the State in respect to that particular matter.”

 McMichael v. Proctor, 243 N.C. 479, 483, 91 S.E.2d 231, 234 (1956).

¶ 32 “The legislature has the power to define the circumstances under which a

 remedy is legally cognizable and those under which it is not.” Lamb v. Wedgewood

 South Corp., 308 N.C. 419, 444, 302 S.E.2d 868, 882 (1983). The prior iterations of

 the Right to Farm statute dating back to 1979 and with the enactment of H.B. 467,

 the General Assembly has modified the common law and statutory cause of actions

 for nuisance claims and relevant defenses. As with many other caps on compensation
 RURAL EMPOWERMENT ASSOC. FOR COMM. HELP V. STATE

 2021-NCCOA-693

 Opinion of the Court

 and remedies enacted in other areas of civil tort law, HB 467 did not impair nor

 abolish the right to a jury trial. Plaintiffs’ argument is overruled.

 V. Conclusion

¶ 33 The trial court did not err in granting Defendants’ Rule 12(b)(6) motion to

 dismiss. Plaintiffs’ facial challenges in their complaint fails to state any legally valid

 cause of action. Plaintiffs have not met their burden to show no “reasonable ground”

 exists to support the Amendments. See Affordable Care, 153 N.C. App. at 539, 571

 S.E.2d at 61.

¶ 34 The Amendments are a valid exercise of legislative and the State’s police

 powers, do not violate the Law of the Land Clause or Due Process, are not a special

 or private law, and do not deprive a prospective plaintiff of the right to a jury trial.

 The order of the trial court is affirmed. It is so ordered.

 AFFIRMED.

 Judges GORE and GRIFFIN concur.