IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-497

Filed 19 December 2023

Davie County, No. 15 E 338

IN THE MATTER OF:

Estate of RICKY W. SEAMON, Deceased.

Appeal by Petitioner from order entered 19 April 2022 by Judge Susan E. Bray in Davie County Superior Court. Heard in the Court of Appeals 1 November 2023.

*James A. Davis, Pro se, Petitioner-Appellant.*

*Robinson & Lawing, LLP, by Christopher M. Watford, for Respondent-Appellee.*

COLLINS, Judge.

Petitioner, James Davis, appeals from the superior court's order affirming a prior order entered by the clerk of court that denied his petition for attorney's fees in the underlying estate proceeding. Petitioner argues that the clerk's finding that Petitioner "rendered legal services to Cynthia Cuthrell in her capacity as Administrator of the Estate of Ricky Seamon" was sufficient by itself to justify an award of attorney's fees to be paid by the estate. We disagree, and we affirm the superior court's order.

## I. Background

Prior to their marriage, Ricky Seamon ("Decedent") and Tatyana Seamon ("Seamon") entered into a prenuptial agreement in April 2001 that barred Seamon

from receiving any portion of Decedent's estate and from serving as personal representative of Decedent's estate. Seamon contacted Petitioner on 4 August 2015, expressing concern that when Decedent died, "she would get nothing as stipulated in the [prenuptial agreement] and she would be homeless." Petitioner emailed Seamon on 6 August 2015 and "reassure[d] [her] that he will be able to assist her in the matter[.]"

Decedent died intestate on 9 August 2015. Seamon emailed Petitioner on 10 August 2015 and asked him "to assist her in taking care of" Decedent's estate and informed him that Decedent's attorneys "will be against her defending [Decedent's] prenuptial aggreement (sic)."

Cynthia Cuthrell, Decedent's cousin, contacted Petitioner on or about 30 August 2015 to inquire about Petitioner representing her in her role as Administrator of Decedent's estate. Petitioner assisted Cuthrell in applying for letters of administration, and letters of administration were issued by the Clerk of Superior Court of Davie County ("Clerk") on 6 November 2015.

Despite the prenuptial agreement barring Seamon from receiving any portion of Decedent's estate, Petitioner filed an application for a year's allowance on behalf of Seamon on 27 April 2016. The Clerk contacted Petitioner shortly thereafter and "made him aware that [she] would not sign the years allowance for Tatyana Seamon due to the language in the prenuptial agreement[.]"

Several weeks later, Petitioner told Seamon that he could no longer represent

her due to a conflict of interest. On 3 June 2016, an attorney hired by Seamon sent Petitioner a letter stating that he believed it was a conflict of interest for Petitioner to continue representing Cuthrell in her capacity as Administrator of Decedent's estate and requesting that Petitioner withdraw as Cuthrell's counsel. Petitioner filed a motion to withdraw on 5 July 2016, and the Clerk allowed the motion by written order entered 22 July 2016.

Decedent's intestate heirs filed a motion for revocation of the letters of administration issued to Cuthrell, alleging that "[t]he estate involves special proceeding[s] and the potential for an attack by a surviving spouse who is disinherited due to a pre-nuptial" and that "[t]his litigation will provide potential conflicts with the existing administrator and be complex." The Clerk entered an order on 30 August 2016 removing Cuthrell as Administrator and appointing Bryan Thompson as Public Administrator of Decedent's estate.

More than three years later, on 20 December 2019, Petitioner filed a petition for payment of attorney's fees in the estate proceeding, alleging that he "assisted the Administrator in the administration of the Estate of [Decedent] and has performed valuable legal services" totaling $14,793.64, and that his fees are "fair and reasonable in every respect and should be paid from the funds on hand in the Estate."

After a hearing on 15 November 2021, the Clerk entered an order on 3 January 2022 denying Petitioner's petition for attorney's fees. Petitioner appealed to the superior court. After a hearing, the superior court entered an order on 19 April 2022

affirming the Clerk's order.[1]  Petitioner appealed to this Court.

## II.  Discussion

Petitioner argues that the superior court erred by affirming the Clerk's order denying his petition for attorney's fees.

N.C. Gen. Stat. § 1-301.3 governs "matters arising in the administration of trusts and of estates of decedents[.]" N.C. Gen. Stat. § 1-301.3(a) (2021).  "In matters covered by this section, the clerk shall determine all issues of fact and law . . . [and] shall enter an order or judgment, as appropriate, containing findings of fact and conclusions of law supporting the order or judgment."  *Id.* § 1-301.3(b).  A party aggrieved by the clerk's order or judgment may appeal to the superior court.  *Id.* § 1-301.3(c).

On appeal, the superior court "shall review the order or judgment of the clerk for the purpose of determining only the following:"

> (1)  Whether the findings of fact are supported by the evidence.
>
> (2)  Whether the conclusions of law are supported by the findings of facts.
>
> (3)  Whether the order or judgment is consistent with the conclusions of law and applicable law.

*Id.* § 1-301.3(d).  To determine whether the findings of fact are supported by the evidence, the superior court reviews the whole record.  *In re Estate of Pate*, 119 N.C.

---

[1] Both the Clerk's order and the superior court's order incorrectly indicate that the petition for attorney's fees was filed on 20 December 2018 instead of 20 December 2019.

App. 400, 402-03, 459 S.E.2d 1, 2 (1995). Conclusions of law are reviewed de novo. *In re Estate of Mullins*, 182 N.C. App. 667, 671, 643 S.E.2d 599, 602 (2007). "The standard of review in this Court is the same as that in the [s]uperior [c]ourt." *In re Estate of Monk*, 146 N.C. App. 695, 697, 554 S.E.2d 370, 371 (2001) (citation omitted).

N.C. Gen. Stat. § 28A-13-3(a)(19) authorizes a personal representative to "employ persons, including attorneys, . . . to advise or assist the personal representative in the performance of the personal representative's administrative duties." N.C. Gen. Stat. § 28A-13-3(a)(19) (2021). No direct statutory provision governs the payment of attorney's fees from an estate to an attorney representing the personal representative of the estate; the personal representative is generally personally liable for such fees. *See Kelly v. Odum*, 139 N.C. 278, 282, 51 S.E. 953, 954 (1905) ("An executor is always personally liable to his counsel for his fee or compensation; but it is in no sense a debt of the estate. He is liable in such case in his individual, and not in his official, capacity."). However, under N.C. Gen. Stat. § 28A-23-3(d)(1), the clerk of court possesses the authority to allow "reasonable sums for necessary charges and disbursements incurred in the management of the estate." N.C. Gen. Stat. § 28A-23-3(d)(1) (2021).

"The Supreme Court has expressly recognized that attorneys' fees incurred in the administration of an estate fall within this statutory provision." *In re Taylor*, 242 N.C. App. 30, 40, 774 S.E.2d 863, 870 (2015) (citing *Phillips v. Phillips*, 296 N.C. 590, 602, 252 S.E.2d 761, 769 (1979)). Nonetheless, the clerk may deny the payment of

attorney's fees from an estate to an attorney representing the personal representative of an estate where the attorney improperly aligns the personal representative's interests with those of a competing claimant. *See McMichael v. Proctor*, 243 N.C. 479, 485, 91 S.E.2d 231, 235-36 (1956).

Here, the Clerk made the following relevant findings of fact:

> 5. James A. Davis (Attorney Davis) is an attorney licensed to practice law in the State of North Carolina [and] rendered legal services to Cynthia Cuthrell in her capacity as Administrator of the Estate of Ricky Seamon and rendered legal services to Tatyana Seamon.
>
> 6. Attorney Davis received contact from Tatyana Seamon on August 4, 2015 at a time when the deceased had fallen ill, and Tatyana Seamon was concerned that she would be barred from receiving anything from her husband's estate because of the terms of a prenuptial agreement executed by the deceased and Tatyana in 2001.
>
> 7. Subsequent to this interaction, Tatyana Seamon, contacted Attorney Davis on August 10, 2015 in which she informed Attorney Davis that she wished to challenge the validity of the prenuptial agreement.
>
> 8. Attorney Davis entered into a formal agreement for representation with Tatyana Seamon [o]n August 11, 2015. Later tha[t] same month, Tatyana Seamon sought out Attorney Davis to ask how to address certain questions in challenging the validity of the prenuptial agreement.
>
> . . . .
>
> 11. On April 27, 2016 Attorney Davis submitted an "Application and Assignment of Years Allowance" or a Spouse's Yearly Allowance (SYA) on behalf of Tatyana Seamon.
>
> . . . .
>
> 19. The exact duration of Attorney Davis' representation of the Estate, as compared with his representation of

Tatyana Seamon, cannot be determined because of the competing billing statements Attorney Davis submitted in support of his petition for payment of attorney fees, one of which recites a beginning date that actually precedes the death of the decedent. The ending date on both billing statements is a date after the Court granted Attorney Davis' motion to withdraw from representation.

. . . .

21. The work of James A. Davis as counsel to Cynthia Cuthrell improperly aligned the interest of the Estate with competing claimants, namely Tatyana Seamon. Tatyana Seamon filed a counterclaim to an action to resolve pending estate issues on November 14, 2018 to set aside the prenuptial agreement and the [c]ourt finds that Tatyana Seamon's intent was consistent with the fact that she wished to set aside the prenuptial agreement, and thereby become the sole beneficiary of the Estate, since her first contact with Attorney Davis prior to Mr. Seamon's death.

22. Attorney Davis maintained a right to proceed against Cynthia Cuthrell for payment of said attorney's fees but did not do so based on the evidence provided to the [c]ourt. Cynthia Cuthrell instituted litigation against Attorney Davis in file 18 CVS 628, Davie County Clerk of Superior Court alleging malpractice by Attorney Davis, which concluded by that Stipulation of Dismissal with Prejudice dated July 13, 2021.

23. After a thorough and conscious consideration, this [c]ourt finds that charges submitted by Attorney Davis and supported by the two competing billing documents were not necessary nor were they properly incurred in the management of the Estate of Ricky Seamon, deceased, as provided by N.C. Gen. Stat. § 28A-23-3(d)(1).

Based on these findings of fact, the Clerk made the following relevant

conclusions of law:[2]

> 16.   Pursuant to N.C. Gen. Stat. §28A-13-3(a)(19) a personal representative is authorized to employ persons, including attorneys to advise or assist the personal representative in the performance of his or her administrative duties.  If a personal representative retains an attorney to assist in the administration of the estate, the personal representative is personally liable for the associated attorney's fees.  The fees are not a debt of the estate, and the attorney does not become a creditor of the estate. *Kelly v. Odum*, 139 N.C. 278, 51 S.E. 953 (1905).
>
> 17.  Unless otherwise ordered by this [c]ourt, attorney fees are to be paid by the personal representative of the Estate.
>
> . . . .
>
> 20.  The [c]ourt should deny a request to recover fees from an Estate to an attorney who improperly aligns the interest of the personal representative with that of a competing claimant.  *McMichael v. Proctor*, 243 N.C. 479, 91 S.E.2d 231 (1956).
>
> . . . .
>
> 2.  There is no direct statutory provision governing the payment of attorney fees for an attorney representing a personal representative hired by the personal representative in the administration of an estate, but the Clerk is authorized, in its discretion, to allow such fees as a "necessary" charge incurred in the management of the estate pursuant to N.C. Gen. Stat. § 28A 23-3(d)(1).
>
> 3.  The fees requested by the Petitioner are not necessary nor proper charges incurred in management of the Estate of Ricky Seamon, deceased, as provided by N.C. Gen. Stat. § 28A 23-3(d)(1).   Furthermore, the nature of the representation was an improper alignment of the interest

---

[2] Findings of fact 16, 17, and 20 are not findings but are instead conclusions of law, and we therefore review them de novo.  *See Norwood v. Village of Sugar Mountain*, 193 N.C. App. 293, 298, 667 S.E.2d 524, 528 (2008) ("Findings of fact which are essentially conclusions of law will be treated as such on appeal." (quotation marks, brackets, ellipses, and citations omitted)).

> of the personal representative with a potential claimant,
> thus any attorney's fees incurred by Attorney Davis should
> not be paid from the Estate of Ricky W. Seamon.

The Clerk thus denied Petitioner's petition for attorney's fees.

Petitioner does not argue that the findings of fact are not supported by the evidence, and they are thus binding on appeal. *See In re Estate of Harper*, 269 N.C. App. 213, 215, 837 S.E.2d 602, 604 (2020). Petitioner's sole argument on appeal is that the portion of finding of fact 5 which states that Petitioner "rendered legal services to Cynthia Cuthrell in her capacity as Administrator of the Estate of Ricky Seamon" "is sufficient by itself to justify an award of attorney fees and reimbursed expenses to Petitioner[.]" We disagree.

Petitioner's argument ignores well-settled law that an attorney who improperly aligns the interests of the personal representative of the estate with those of a competing claimant is not entitled to attorney's fees paid from the estate. *See McMichael*, 243 N.C. at 485, 91 S.E.2d at 235-36 (holding that a personal representative was not entitled to attorney's fees from the estate for "assert[ing] the widow's defense to the affirmative allegations made by the heirs as the basis of their claim that the widow had forfeited her right of dower").

The Clerk found Petitioner rendered legal services to both Cuthrell, in her capacity as Administrator, and to Seamon, often contemporaneously. Petitioner knew of the prenuptial agreement barring Seamon from receiving any portion of Decedent's estate and Seamon's desire to invalidate the agreement and become the

sole beneficiary of the estate. Despite his awareness of the prenuptial agreement, Petitioner filed an application for a year's allowance on behalf of Seamon, during which time he also represented Cuthrell as Administrator of Decedent's estate.

While a clerk possesses the authority to allow "reasonable sums for necessary charges and disbursements incurred in the management of the estate[,]" N.C. Gen. Stat. § 28A-23-3(d)(1), the services Petitioner rendered to Cuthrell were not "necessary charges" incurred in the management of the estate because Petitioner labored under a conflict of interest that improperly aligned Cuthrell's interests as Administrator of Decedent's estate with those of Seamon as a competing claimant. *McMichael*, 243 N.C. at 485, 91 S.E.2d at 235-36.

The findings of fact support the Clerk's conclusions of law that "[t]he fees requested by the Petitioner are not necessary nor proper charges incurred in management of the Estate of Ricky Seamon, deceased, as provided by N.C. Gen. Stat. § 28A 23-3(d)(1)" in that "the nature of the representation was an improper alignment of the interest of the personal representative with a potential claimant, thus any attorney's fees incurred by Attorney Davis should not be paid from the Estate of Ricky W. Seamon."

Accordingly, the superior court did not err by affirming the Clerk's order denying Petitioner's petition for attorney's fees.

### III. Conclusion

For the foregoing reasons, we affirm the superior court's order.

- 10 -

AFFIRMED.

Judges TYSON and MURPHY concur.